UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

IN RE JOSEPH LLEWELLYN WORRELL           Chapter 13
a/k/a JOEY WORRELL,                      Case No. 09-15332-EPK
                Debtor
_____/

JOSEPH LLEWELLYN WORRELL                 Adversary Proceeding Case No.: 16-01046
a/k/a JOEY WORRELL,
                Plaintiff,
vs.

EMIGRANT MORTGAGE COMPANY, INC.,
RETAINED REALTY, INC.,
CHAD INGRAM, SANAA INGRAM and
ILKKA JUHANI SYSMETSA,
                Defendants,
_____/

## MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendants EMIGRANT MORTGAGE COMPANY, INC., and RETAINED REALTY, INC., file this, their Motion to Dismiss and as grounds therefore, state as follows:

### I.    INTRODUCTION AND PROCEDURAL HISTORY

This case emanates from a foreclosure action pending since October 29, 2007 in the Palm Beach Circuit Court for the Fifteenth Judicial Circuit. On October 31, 2007, Plaintiff WORRELL was personally served with the Complaint. On November 19, 2007, WORRELL filed his Motion for Extension of Time and on June 30, 2008, he filed his Pro Se Answer and Affirmative Defenses. EMIGRANT filed its Motion for Summary Final Judgment on July 25, 2008 and set same for hearing. On August 8, 2008, WORRELL filed his Motion to Dismiss/Deny Plaintiff's Requests for Summary Judgment. On October 20, 2008, the Court entered its Final Judgment in favor of EMIGRANT and scheduled a foreclosure sale for the subject property.

After a series of bankruptcy filings, WORRELL'S Chapter 13 case was dismissed on July 1, 2009 [D.E. 28] due to WORRELL'S failure to appear at the meeting of creditors and failure to make pre-confirmation plan payments. On July 29, 2009, the Circuit Court reset the sale on WORRELL'S property for August 31, 2009.

On July 3, 2009, in this Court, WORRELL filed a Motion to Stay Proceedings and Motion to Vacate Dismissal [D.E. 30]. Same was set for hearing on August 27, 2009 at 10:30a.m. [D.E.31]. As per the Certificate of Service on the Motion and the Certificate of Mailing of the Notice of Hearing, [D.E.34], Emigrant was not served with the Motion or Notice of Hearing and did not attend the hearing. The foreclosure sale was held on August 31, 2009 and the Certificate of Sale was issued by the Clerk. EMIGRANT was the successful bidder. No objections to the sale were filed.

On September 1, 2009, this Court entered its Order [D.E. 34] granting the Motion to Vacate Dismissal and Motion for Stay pursuant to the SCRA (Servicemember's Civil Relief Act). [D.E. 33]. On September 3, 2009, The Order was mailed to EMIGRANT. [D.E. 34]. WORRELL'S bankruptcy remained pending until October 25, 2010 when this Court denied confirmation of WORRELL'S Chapter 13 plan and dismissed his case. [D.E. 68]. On January 18, 2011, WORRELL'S Motion to Reinstate his Chapter 13 case was denied. [D.E. 76] and on April 15, 2011 WORRELL's Motion for Reconsideration was likewise denied. [D.E. 83].

The Circuit Court heard and denied EMIGRANT'S Motions for Entry of Certificate of Title due to significant opposition from WORRELL. On November 19, 2012, the Circuit Court conducted a hearing on EMIGRANT'S Renewed Motion for Entry of Certificate of Title and denied same without prejudice. On November 28, 2012, EMIGRANT then filed a Motion for

Rehearing which the Court granted and set for hearing for argument on January 7, 2013. WORRELL requested and was granted a continuance of that hearing to January 25, 2013 at which time, EMIGRANT'S Motion for Entry of Certificate of Title was granted and on February 1, 2013, the Clerk of the Court issued the Certificate of Title to EMIGRANT.

On February 22, 2013, WORRELL filed a Notice of Appeal with the Circuit Court.[1] The Fourth District Court of Appeal docket references the appeal as Case No: 4D13-767. As no appellate stay was in effect, EMIGRANT filed its Motion for Writ of Possession and set same for hearing on March 27, 2013. WORRELL filed a Motion to Stay issuance of the Writ, and Opposition to EMIGRANT'S Motion for Writ and cross noticed his hearing for the same time. The Court entered its order directing the Clerk to Issue the Writ but not prior to May 1, 2013. On May 1, 2013, the Clerk issued the Writ. WORRELL then filed another Motion to Stay Issuance of the Writ which was granted and another hearing was set for May 15, 2013. On May 16, 2013, the Circuit Court entered its order directing the Clerk to issue the Writ of Possession but not prior to May 22, 2013. On May 22, 2013, the Clerk issued its Writ of Possession. On May 23, 2013, in the pending appeal, WORRELL filed an Emergency Motion to Stay the Issuance of the Writ. On May 24, 2013, that Motion was denied. On May 29, 2013, the Writ of Possession was served on WORRELL. On October 24, 2013, the Fourth DCA affirmed the Circuit Court's decision granting issuance of the Certificate of Title to EMIGRANT. The property is no longer owned by Emigrant. It has been sold to a third party.

---

[1] Actually, the February 22, 2013 appeal is the third appeal Worrell filed in the foreclosure case. He filed one on November 2, 2008 and another November 24, 2008. He filed fourteen other unrelated appeals with the Fourth District Court of Appeal. He also filed a variety of complaints with the FDIC and HUD against Emigrant, none of which were found to have any merit.

*Case No. 09-15332-EPK*
*Adversary Proceeding Case No.: 16-01046*

No activity had taken place in the Circuit Court case from June 7, 2013 until May 16, 2014 when WORRELL'S new counsel filed a Notice of Appearance and Motion to Vacate. The motion was without merit and on June 14, 2014 was denied. On July 17, 2014 WORRELL filed his Notice of Appeal, appealing the aforementioned denial. The Fourth DCA affirmed and on July 31, 2014, the Fourth DCA issued its mandate. WORRELL filed a Motion for Rehearing / Rehearing En Banc which was denied on July 10, 2015. WORRELL then filed a Writ with the Florida Supreme Court. On July 29, 2015, that petition was denied. On October 15, 2015, WORRELL appealed to the United States Supreme Court, Case No; SC15-1389. There, WORRELL sought an extension of time to file a petition for writ of certiorari. The deadline was extended until November 26, 2015 by Justice Thomas. To date, WORRELL has not filed his petition but the case remains pending.

WORRELL'S bankruptcy case remained closed for over four years until on November 18, 2015 he filed a Motion to Reopen. [D.E. 88]. On January 16, 2016, he filed the instant Adversary Complaint ("Complaint").

The Complaint should be dismissed as untimely, barred by all applicable statutes of limitations, and further should be dismissed as it lacks legal merit.

## II.  ARGUMENT

### A.  The Adversary Complaint is time barred and should be dismissed based on the statute of limitations as set forth in 11 U.S.C. §546(a)

WORRELL'S bankruptcy case remained closed for over four years before the instant adversary complaint was filed. The relevant statute of limitations expired at the latest, upon the closing of the bankruptcy case.

11 U.S.C. §546(a) provides:

4

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
   (1) the later of—
      (A) 2 years after the entry of the order for relief; or
      (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
   (2) the time the case is closed or dismissed.

The aforementioned statute applies to both actions brought by the Trustee and a Debtor-in-possession. *Matter of Freedom Ford, Inc.,* 140 B.R. 585, 587 (Bankr. M.D. Fla. 1992). Here, there is simply no justification or any equitable reason to allow an adversary complaint to be filed over four years after the bankruptcy case was closed. WORRELL chose to litigate his case through the state court system, appellate courts, and did so for four years. As those options failed, he returned to bankruptcy court, albeit way too late.

> The language of Section 546(a) is quite clear. An action brought under Section 548 must be commenced by the earlier of two years after the appointment of a trustee or the time the case is closed

*Id.* at 586-87. In the instant case, there is no dispute that the statute of limitations under § 546 (a) expired as it expired, at the latest, upon the closing of WORRELL'S Chapter 13 case which was four years prior to the filing of the Complaint.

Accordingly, based upon the expiration of the statute of limitations pursuant to 11 U.S.C. §546(a), this case must be dismissed with prejudice.

**B.     To the extent that the claims are not time barred, they have no merit as there was no violation of any §362 bankruptcy stay.**

The basis for the Adversary Complaint is that the foreclosure sale which occurred on August 31, 2009 violated a bankruptcy stay. In actuality, no stay was in effect. The relevant history is below:

5

On July 1, 2009, WORRELL'S bankruptcy case was dismissed. On July 3, 2009, in this Court, WORRELL filed a Motion to Stay Proceedings and Motion to Vacate Dismissal [D.E. 30]. On July 29, 2009, when no stay was in effect, the Circuit Court reset the sale on WORRELL'S property for August 31, 2009. WORRELL'S Motion to Vacate Dismissal and Stay Proceedings was set for hearing on August 27, 2009. [D.E.31]. As per the Certificate of Service on the Motion and the Certificate of Mailing of the Notice of Hearing, [D.E.34], Emigrant was not served with the Motion or Notice of Hearing. Emigrant did not know about, or attend the subject hearing. The foreclosure sale was held on August 31, 2009 and the Certificate of Sale was issued by the Clerk. EMIGRANT was the successful bidder. No objections to the sale were filed.

On September 1, 2009, this Court entered its Order [D.E. 34] granting the Motion to Vacate Dismissal and Motion for Stay. [D.E. 33]. On September 3, 2009, The Order was mailed to EMIGRANT. [D.E. 34]. The Order was effective September 1, 2009. WORRELL did not request a retroactive vacatur and the Court did not grant one. Under those circumstances, the vacatur is effective when entered, September 1, 2009.

> Courts have recognized this general rule that orders are not effective until written. *In re Beatty*, 162 B.R. 853, 857–58 (9th Cir. BAP 1994) (ruling of court regarding conversion of case is effective when written and docketed); *In re Tim Wargo & Sons, Inc.*, 107 B.R. 622, 625 (Bankr.E.D.Ark.1989) ("It is well settled that a court's oral rulings are not 'operative upon utterance.' "); *In re Rebeor*, 89 B.R. 314, 320 (Bankr.N.D.N.Y.1988) (oral ruling dismissing case is not operative upon utterance).

*In re Brown*, 290 B.R. 415, 421 (Bankr. M.D. Fla. 2003). *In re Brown* is nearly identical to the instant case. The mortgagee was not served with the motion to reinstate the bankruptcy and had no knowledge of the decision reinstating the bankruptcy at the time of the sale. Similarly, here,

6

Emigrant received no notice of the hearing and had no knowledge of the hearing until it received the subject order days after the hearing and foreclosure sale occurred. Any argument that EMIGRANT would be bound by the oral order fails because EMIGRANT received no notice of the hearing or oral order.

The Court noted: "It is incumbent upon a movant seeking relief from this Court to ensure proper service to all interested parties so that there are no due process concerns that may cloud any relief that may be obtained from the Court.", *Id.* at 421. Clearly, in the instant case, cancelling Emigrant's foreclosure sale without providing notice to Emigrant would have violated Emigrant's due process rights. Additionally, as in *In re Brown*, there is no docketed public record of this Court's oral ruling made at the time of the hearing. The *Brown* court found these factors dispositive in following the "well-accepted rule that orders are effective when written and docketed." *Id.* at 422.

Moreover, the oral order did not operate retroactively. Generally, an Order vacating a previous order dismissing a bankruptcy case does not reinstate the automatic stay retroactively to date of vacated order, so as to invalidate actions affecting the debtor's property that were undertaken in interval between entry of dismissal order and entry of order vacating the same. *See, for example*, *In re Hill*, 305 B.R. 100, 107-108 (Bankr. M.D. Fla. 2003) ("Clearly, according to the strong weight of authority, vacating the order dismissing the case does not impose or reinstitute or revive the automatic stay retroactively to the date of the vacated order.")

> When a case is reinstated, the automatic stay is also reimposed. *In re Parks*, 2005 WL 6491918, at *2. However, reinstatement of a case does not reimpose retroactively the stay during the period of time the case was dismissed. Id Creditor actions that take place between dismissal and reinstatement are not affected by the reimposition of the stay. *Id.* (citing *In re Searcy*, 313 B.R. 439, 443 (Bankr.W.D.Ark.2004)). Moreover, while the Code permits courts to grant stay

7

relief retroactively, no authority exists which authorizes courts to impose a stay retroactively. *Id.*; *see also In re Lashley,* 825 F.2d 362, 364 (11th Cir.1987).

*In the Matter of Robinson,* 13-10244-WHD, 2014 WL 7793688, at *2 (Bankr. N.D. Ga. 2014).

Thus, to the extent WORRELL has a non-time barred claim, there was no violation of the stay.

### C. Counts III and IV are unauthorized and must be dismissed.

When WORRELL sought to reopen his bankruptcy case to file an adversary complaint, the Court specified that the Motion to Reopen would be granted but only as to determine whether there was a violation of the stay pursuant to § 362 of the Bankruptcy Code. The Court would not entertain other claims, such as a claim to set aside the foreclosure sale or subsequent transfers. See December 16, 2015 transcript, page 27:

```
12    THE COURT:  The case is reopened solely to
13    permit pursuit of violation of the automatic stay
14    under Section 362, and that is it.  Because my order
15    imposing the stay under the SCRA happened a day after
16    the foreclosure sale, and then your case was dismissed
17    after that stay expired.  Understand?
18    MR. WORRELL:  I understand.
```

Despite the aforementioned understanding, WORRELL filed a four count complaint seeking additional relief setting aside the deeds transferring the property. Moreover, 11 U.S.C.§549 precludes such action against a good faith purchaser such as the current owners of the property. WORRELL'S allegations fall short of finding an exception to §549:

> (c) The trustee may not avoid under subsection (a) of this section a transfer of an interest in real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of an interest in such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such real property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to such interest of such good faith purchaser.

8

Thus, should this Court find that WORRELL has some viable cause of action that is not time barred, the claims to set aside the subject deeds are without merit.

### D. Rooker-Feldman Doctrine, Full Faith and Credit Act (28 U.S.C. §1738) Res Judicata and Collateral Estoppel.

Emigrant Mortgage Company, Inc. and Retained Realty, Inc. hereby concur with, join in and incorporate the arguments made by Defendants, Chad Ingram, Sanna Ingram and Ilkka Juhani Sysimetsa, in their Motion to Dismiss Adversary Complaint (D.E. 11) with regard to the Rooker-Feldman Doctrine, Full Faith and Credit Act (28 U.S.C. §1738), Res Judicata and Collateral Estoppel.

WHEREFORE, Defendants EMIGRANT MORTGAGE COMPANY, INC., and RETAINED REALTY, INC., respectfully request that this Court find WORELL'S claims are time barred, and/or fail to state a cause of action, or alternatively, find that the Court has no jurisdiction over this matter, and that this action be dismissed with prejudice, and award such other relief as appropriate.

*Case No. 09-15332-EPK*
*Adversary Proceeding Case No.: 16-01046*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing have been furnished via CM/ECF and U.S. Regular Mail to Nadine V. White-Boyd, Esq., Attorney for Plaintiff, Markarian, Frank White-Boyd & Hayes at 2925 PGA Blvd., Suite 204, Palm Beach Gardens, Florida 33410; and Seth P. Traub, Esq., Attorney for Defendants, Chad Ingram, Sanaa Ingram and Ilkka Juhani Sysimetsa, Shumaker, Loop & Kendrick, LLP at 101 East Kennedy Blvd., Suite 2800, Tampa, Florida 33602 on this **26th** day of February 2016.

        Becker & Poliakoff, P.A.
        Attorneys for Emigrant and Retained Realty
        1511 N. Westshore Blvd., Suite 1000
        Tampa, FL 33607
        (813) 527-3900  Telephone
        (813) 286-7683  Facsimile

By:    s/Lisa M. Castellano
        Steven M. Davis
        Florida Bar # 894249
        Lisa M. Castellano, Esq.
        Florida Bar #748447

ACTIVE: 8100124_3