UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

Joseph Llewellyn Worrell
a/k/a Joey Worrell,

    Debtor.
_____/

Joseph Llewellyn Worrell
a/k/a Joey Worrell,

    Plaintiff,

v.

Emigrant Mortgage Company, Inc.;
Retained Realty, Inc.;
Chad Ingram, Sannaa Ingram,
and Ilkka Juhani Sysimetsa;

    Defendants.
_____/

Case No. 09-15332-EPK
Chapter 13

Adv. No. 16-01046-EPL

## MOTION FOR SANCTIONS PURSUANT TO RULE 9011 AND MEMORANDUM OF LAW

Defendants, Chad Ingram, Sannaa Ingram, and Ilkka Juhani Sysimetsa (the "BFP Owners"), by and through their undersigned counsel, and pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, and other applicable law, hereby move for sanctions against the Plaintiff, Joseph Llewellyn Worrell, and his counsel, Nadine V. White-Boyd, and state as follows:

### INTRODUCTION

1. On January 17, 2016, the Plaintiff filed the Complaint in this proceeding, wherein he seeks to void, among other things, the BFP Owners' title to real property located at 13993

Caloosa Blvd., West Palm Beach, Florida 33418 (the "Property").[1] The BFP Owners purchased the Property from Retained Realty, Inc., who received title from Emigrant Mortgage Company, Inc. ("Emigrant"), who, in turn, obtained a foreclosure judgment against the Debtor and purchased the Property at a foreclosure sale in August 2009 in *Emigrant Mortgage Company, Inc. v. Worrell, et al.,* Case No. 2007-ca-019114 (the "Foreclosure Case").

2. At the time the BFP Owners purchased the Property, there was no defect in the chain of title, no pending dispute as to the validity of the foreclosure sale, and no pending bankruptcy. Two months after the BFP Owners received title to the Property, the Debtor sought to reopen this case, more than five years after it had been dismissed (and twice denied reconsideration of that dismissal), to file an adversary proceeding against Emigrant for an alleged violation of the automatic stay *in 2009* and to void each and every transfer of the Property, including to the BFP Owners.

3. Despite the Circuit Court in and for Palm Beach County, Florida (the "Circuit Court") having previously denied the Debtor's prior attempts to vacate the foreclosure judgment, set aside the foreclosure sale, and avoid transfer of title to Emigrant, this adversary proceeding ensued.

4. Just like the Circuit Court rejected the Debtor's claims in the Foreclosure Case, this Court should dismiss the Debtor's claims against the BFP Owners with prejudice because the automatic stay was not in effect when the Foreclosure Sale occurred, and therefore there is no legal basis to avoid the Foreclosure Sale.

---

[1] Special Warranty Deed dated September 10, 2015 filed in the Official Records of Palm Beach County, Florida at Book 27797, Page 0286. (Complaint, ¶ 25).

5. Moreover, this Court lacks jurisdiction to consider the Debtor's claims because they are barred by the *Rooker-Feldman* doctrine, the Full Faith and Credit Act and principles of *res judicata* and collateral estoppel.

6. Rule 9011(b) of the Federal Rules of Bankruptcy Procedure provides:

Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstance

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

7. For the reasons set forth herein, and as previously set forth in the BFP Owners' Motion to Dismiss (Doc. 11), the relief sought in Plaintiff's Complaint is frivolous. The Plaintiff's claims are not supported by the material facts necessary to establish them, and are not supported by the application of existing law to those material facts. Accordingly, the BFP Owners are entitled to an award of attorney fees and costs as sanctions, to be paid, jointly and severally, by the Plaintiff and his attorney.

## LEGAL ARGUMENT

I. **Factual Background and Procedural History**

8. The sole purpose for the bankruptcy case was to block Emigrant's foreclosure. Indeed, other than a non-dischargeable student loan debt and a domestic support obligation, the only creditor listed in the Debtor's Schedules is Emigrant. The Property is a nearly 5,500-square-foot house that, as of the date it was purchased by the BFP Owners, was not complete as it was without a kitchen, appliances, flooring, plumbing and some electrical.

9. The following timeline sets forth the relevant history related to the Property and this proceeding:

| Date | Court | Action/Document |
| --- | --- | --- |
| 10/20/2008 | State | Final Judgment of Foreclosure entered against Worrell in favor of Emigrant (Book 022948, Page 00836) |
| 03/26/2009 | Bankr. | Debtor files Chapter 13 Voluntary Petition (Doc. 1) prior to the first scheduled foreclosure sale of the Property. |
| 07/01/2009 | Bankr. | Court enters Order Granting Trustee's Request for Order Dismissing Case for Failure to Appear at the Meeting of Creditors and for Failure to Make Pre-Confirmation Plan Payments. Bankruptcy case is dismissed with a Prejudice Period of 180 Days. (Doc. 28) |
| 07/29/2009 | State | In the Foreclosure Case, the Circuit Court enters an Order Resetting Foreclosure Sale and Emigrant files a Notice of Sale, scheduling a foreclosure sale for August 31, 2009 (the "Foreclosure Sale"). |
| 08/12/2009 | Bankr. | In this Court, the Debtor files a Motion to Reinstate Chapter 13 Case and Motion for Stay of Proceedings (Doc. 30) ("First Motion to Reinstate"). In the First Motion to Reinstate, the Debtor certifies that notice of the First Motion to Reinstate "shall be furnished to all parties of interest in this matter." There is no indication on the docket that the motion was served on Emigrant or anyone else. The First Motion to Reinstate was neither filed in the Foreclosure Case nor in the public records. |

| Date | Court | Action/Document |
|---|---|---|
| 08/18/2009 | Bankr. | This Court issued a Notice of Hearing for the First Motion to Reinstate (Doc. 31), which directs the Debtor to serve a copy of the Notice of Hearing on all required parties. There is no indication on the docket that the Notice of Hearing was served on Emigrant or anyone else. The Notice of Hearing was neither filed in the Foreclosure Case nor in public records. |
| 08/20/2009 | Bankr. | A Certificate of Mailing is entered on the docket (Doc. 32), which states that no party was given notice of the Notice of Hearing electronically or by U.S. Mail. |
| 08/27/2009 | Bankr. | This Court conducts a hearing and grants the First Motion to Reinstate (the "Hearing"). According to the transcript of the Hearing, only counsel for the Debtor appeared. At the Hearing, contrary to the requirements of the local rules and the terms of the Notice of Hearing, the Debtor's counsel admitted that the Notice of Hearing was not served on any party.[2] |
| 08/31/2009 | State | Without notice of the First Motion to Reinstate or the August 27, 2009 Hearing, and therefore with no stay in effect, the Circuit Court conducts the Foreclosure Sale. Emigrant is the successful bidder and a Certificate of Sale is issued. |
| 09/01/2009 | Bankr. | This Court enters its written Order Granting the First Motion to Reinstate, which reinstated the case and stayed further proceedings until April 30, 2010 pursuant to the Servicemembers Civil Relief Act (the "SRCA") (the "Order Granting Reinstatement"). |
| 09/04/2009 | Bankr. | The Debtor files a Certificate of Service (Doc. 35), which states that the Order Granting Reinstatement was served on Emigrant, among others, by U.S. Mail on September 3, 2009 – three days *after* the Foreclosure Sale was conducted. |

10. In the Foreclosure Case, on September 2, 2009, following entry of the Order Granting Reinstatement (but prior to serving the Order Granting Reinstatement by U.S. Mail), the Debtor filed a Suggestion of Bankruptcy and a Motion to Set Aside Foreclosure Sale and Motion for Stay of Proceedings, a copy if which is attached to the Complaint as Exhibit B ("First Motion to Set Aside").

---

[2] A true and correct copy of the transcript for the August 27, 2009 Hearing is attached to the Motion to Dismiss as Exhibit 1.

11.  In the First Motion to Set Aside, the Debtor argued that the automatic stay had gone into effect on September 1, 2009 upon entry of the Order Granting Reinstatement, and therefore the Circuit Court could not issue a Certificate of Title and the Foreclosure Sale was void (*See* Doc. 1, Ex. B, ¶5, 10-11).

12.  As a result of the First Motion to Set Aside and the pendency of the Bankruptcy Case, no substantive action took place in the Foreclosure Case for 20 months – from September 2, 2009 through May 13, 2011.

13.  In the meantime, there was an excess of activity in this Court as a result of the Debtor's failure to confirm a Chapter 13 plan, including repeated attempts by the Debtor to reinstate this case yet again to avoid a transfer of title to Emigrant:

| Date | Doc. | Action/Document |
| --- | --- | --- |
| 11/19/2010 | 67 | Order Denying Confirmation and Dismissing Chapter 13 Case |
| 12/29/2010 | 70 | Debtor's Motion to Reinstate Chapter 13 Case and Motion for Stay of Proceedings ("Second Motion to Reinstate"), which again sought to reinstate the case to avoid Emigrant's foreclosure rights |
| 01/18/2011 | 76 | Order Denying Motion To Reinstate Case |
| 03/30/2011 | 79 | Debtor's Motion to Reopen Chapter 13 Proceedings (which is construed as a Motion to Reconsider Order Denying Motion to Reinstate Case) ("Third Motion to Reinstate") |
| 04/15/2011 | 82 | Order Denying the Third Motion to Reinstate |

14.  On May 20, 2011, more than a month after denial of the Debtor's Third Motion to Reinstate and having waited nearly two years for consideration of the Debtor's First Motion to Set Aside, Emigrant filed a Motion for Entry of Certificate of Title in the Foreclosure Case, which sparked additional opposition by the Debtor, including the following:

| Date | Action/Document |
|---|---|
| 11/16/2011 | Debtor filed a Brief in Opposition to Issuance of Certificate of Title and In Support of Motion to Vacate Summary Judgment (the "Second Motion to Set Aside"). |
| 5/30/2012 | Circuit Court conducts hearing on Debtor's Second Motion to Set Aside and Emigrant's Motion for Entry of Certificate of Title, which is granted in part and denied in part. |
| 8/31/2012 | Emigrant filed Renewed Motion for Issuance of Certificate of Title, which is denied without prejudice. |
| 11/28/2012 | Emigrant files a Motion for Rehearing on its Motion for Issuance of Certificate of Title |
| 1/24/2013 | Circuit Court enters its Order Granting Motion for Entry of Certificate of Title |

15. Finally, on February 1, 2013, three and a half years after the Foreclosure Sale, the Circuit Court issued a Certificate of Title for the Property, transferring ownership of the Property to Emigrant.

16. On February 22, 2013, the Debtor filed a Notice of Appeal of the Circuit Court's Order Granting Motion for Entry of Certificate of Title. The Fourth District Court of Appeal affirmed. *Worrell v. Emigrant Mortgage Co., Inc.,* 124 So.3d 934 (Fla. 4th DCA 2013).

17. And on May 16, 2014, the Debtor filed a third "Motion to Vacate Summary Judgment, Set Aside August 31, 2009 Foreclosure Sale, and Set Aside Order Directing Issuance of Writ of Possession" (the "Third Motion to Set Aside"). The Third Motion to Set Aside was denied on June 19, 2014, and the Circuit Court's denial was affirmed on appeal by the Fourth DCA. *Worrell v. Emigrant Mortgage Co., Inc.,* 169 So.3d 1190 (4th DCA 2015).

18. A motion for rehearing in the Fourth DCA was denied, and the Debtor's appeal to the Florida Supreme Court was dismissed for lack of jurisdiction on July 29, 2015. *Worrell v.*

*Emigrant Mortgage Co., Inc.,* 173 So.3d 968 (2015). In the Florida Supreme Court, the Debtor filed an Application to extend the time to file a petition for a writ of certiorari to the United States Supreme Court from October 27, 2015 to November 26, 2015, which was granted by Justice Thomas on October 23, 2015, but the Debtor did not file such writ of certiorari.

19. Instead, on November 18, 2015, undeterred by the rejection of no less than three attempts in the Foreclosure Case to vacate the Foreclosure Sale, and without disclosing the above history, the Debtor filed a Motion to Reopen Chapter 13 Case and For Adversary Proceeding (Bankr. Doc. 88) in this Court.

20. Pursuant to this Court's Order Granting in Part Motion to Re-Open Case (Doc. 94), the Debtor's case was reopened "solely so that the Debtor may file, no later than 30 days after entry of this Order, an appropriate pleading seeking relief against creditor Emigrant Mortgage Company for alleged violation of the automatic stay" (the "Order Reopening Case"). Presumably, the Debtor failed to advise this Court of the Debtor's multiple and unsuccessful attempts in the Circuit Court, Fourth DCA, and the Florida Supreme Court to relitigate the title issues.

21. The Order Reopening Case did not permit the Debtor to file an adversary proceeding against the BFP Owners, nor did it authorize the Debtor to seek to invalidate an entire chain of title.

**II. No factual allegations can support the Debtor's causes of action because no stay was in effect at the time of the Foreclosure Sale.**

22. The question before this Court is straightforward – on what date was this Court's ruling reinstating the Bankruptcy Case effective so as to reestablish the automatic stay? The Debtor alleges in his Complaint – and in numerous pleadings in the Foreclosure Case – that the

case was reinstated and the automatic stay was in effect at the time of the Court's oral ruling on August 27, 2009. But the date of the Court's oral ruling is irrelevant under the circumstances.

23. Courts have recognized the general rule that orders are not effective until written. *In re Brown,* 290 B.R. 415, 421 (Bkrtcy. M.D.Fla. 2003). In *In re Brown,* a Chapter 13 debtor filed a motion to reinstate her bankruptcy case in advance of a pending foreclosure sale. *Id.* at 418. The motion was heard on the day before a scheduled foreclosure sale. *Id.* The Bankruptcy Court orally granted the motion and reinstated the case, but the debtor failed to request entry of an expedited written order and did not request that the Court's oral ruling be immediately effective pending entry of a written order. *Id.* at 419.

24. The mortgagee, however, was not given notice of the hearing on the debtor's motion for reinstatement or the Court's oral ruling. *Id.* And following the hearing, no effort was made to contact the mortgagee or its counsel to inform them of the court's oral ruling. *Id.* As a result, the foreclosure sale occurred as scheduled, and a third party without notice of the ruling on reinstatement of the case purchased the property, and a certificate of sale was issued. *Id.* The bankruptcy court's written order was entered two weeks later. *Id.*

25. On a motion filed by the third party purchaser to confirm the automatic stay was not in effect at the time of the foreclosure sale, the bankruptcy court held that because its written order had not been entered as of the date of the foreclosure sale, the "sale occurred when the case was still dismissed and the sale was not in violation of the automatic stay." *Id.* at 422. The bankruptcy court specifically found that "at the time of the foreclosure sale, no party had actual notice of the reinstatement, and no party could have had constructive notice." *Id.*

26. The facts of this proceeding are identical to those in *Brown.* At the hearing on the Debtor's First Motion to Reinstate, the Debtor's attorney admitted he had not served notice

of the hearing (*See* Ex. 1). Accordingly, Emigrant – the only real creditor and party in interest – did not have notice of the August 27, 2009 Hearing. Like in *Brown,* despite knowledge that the Foreclosure Sale was scheduled for only four days later, the Debtor did not request reinstatement be effective as of the oral ruling or request expedited entry of a written order. The Debtor also did not timely inform the Circuit Court,[3] and chose not to seek relief from the Circuit Court pending the issuance of a written order from this Court. Instead, at the time of the foreclosure sale on August 31, 2009, no one other than the Debtor had actual or constructive notice of reinstatement.

27. This Court's written Order Granting Reinstatement was entered on September 1, 2009, a day *after* the Foreclosure Sale. Therefore, at the time the Foreclosure Sale occurred, the bankruptcy case was still dismissed and the Foreclosure Sale was not in violation of the automatic stay. *See Brown,* 290 B.R. at 422.

28. Accordingly, no construction of the Debtor's factual allegations can plausibly support a cause of action to void the Foreclosure Sale. Because such causes of action fail, so must all the Debtor's claims to void the deed to the Property to the BFP Owners, with prejudice.

29. As between the Debtor, who was fully aware of the facts surrounding the progress of the Foreclosure Sale and his request to reinstate the bankruptcy in this Court, and the BFP Owners, who knew nothing and could not discern any issue regarding title to the Property, the burden of any title issue must be borne by the Debtor.

### III. Debtor's claims are barred by the Rooker-Feldman Doctrine and the Full Faith and Credit Act (28 U.S.C. §1738).

---

[3] Indeed, it does not appear from the record that timely notice was given to Emigrant either. It was not until September 2, 2009 that the Debtor filed the Order Granting Reinstatement with the Circuit Court, and it was not until September 3, 2009 that the Debtor even served creditors via U.S. Mail with a copy of the Order Granting Reinstatement. *See* ¶8, above.

30. A federal district court generally does not have authority to review decisions made by a state court of competent jurisdiction. *Seminole Tribe of Florida v. Florida, Dept. of Revenue,* 917 F.Supp.2d 1255, 1257 (S.D. Fla. 2013). Here, a state court of competent jurisdiction entered orders denying the Debtor's numerous attempts to vacate the Foreclosure Judgment and set aside the Foreclosure Sale.

31. Now, in this Court and in the proceeding *sub judice*, the Debtor seeks to relitigate the claims that the state court already decided. The *Rooker–Feldman* doctrine bars such relitigation.

32. According to the *Rooker–Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *Powell v. Powell,* 80 F.3d 464, 466 (11th Cir.1996). The doctrine articulates the principle that federal courts are courts of original jurisdiction that do not sit in an appellate capacity with respect to state courts. *In re Glass*, 240 B.R. 782, 785 (Bkrtcy. M.D.Fla. 1999) (citing 28 U.S.C. § 1331 (providing that federal district courts are courts of original jurisdiction); 28 U.S.C. § 1257 (1999) (limiting federal review of state court proceedings to United States Supreme Court)).

33. The *Rooker–Feldman* doctrine is grounded on federalism, comity and the premise that state courts are not inferior to federal courts. *Glass*, 240 B.R. at 785. "In our federal system, a state trial court's interpretation of federal law is no less authoritative than that of the federal court of appeals in whose circuit the trial court is located." *Id.* (quoting *Powell,* 80 F.3d at 467). Accordingly, *Rooker–Feldman* precludes a federal action, if the relief requested would effectively reverse the state court decision or void its ruling. *Glass*, 240 B.R. at 785. The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised

in the state court but are "inextricably intertwined" with the state court's judgment. *Powell,* 80 F.3d at 466.

34. Four criteria must be met for the *Rooker–Feldman* doctrine to apply: (i) the party in federal court is the same as the party in state court; (ii) the prior state court ruling was a final or conclusive judgment on the merits; (iii) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (iv) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. *In re Hartnett,* 2004 WL 3170445, at *1 (S.D.Fla. 2004).

35. There can be no dispute that the parties in this proceeding – the Debtor and Emigrant – were the same as in the Foreclosure Case. (Complaint, ¶ 17). There can also be no dispute that the Circuit Court's prior rulings in the Foreclosure Case were final and conclusive judgments on the merits. (*See* ¶¶ 13-17, above).

36. The third and fourth criteria are similarly easily met. In the Circuit Court, the Debtor had a reasonable opportunity, and did in fact, raise exactly the issue that he now raises in this adversary proceeding – that the Foreclosure Sale was void as a result of the imposition of the automatic stay upon reinstatement of the Debtor's bankruptcy case (Complaint, ¶ 22 & Ex. B; and ¶¶ 9-10, above). The Circuit Court rejected the Debtor's arguments on numerous occasions, and those decisions were affirmed on appeal both to the Fourth DCA and Florida Supreme Court (*See* ¶¶ 13-17, above).

37. And the Circuit Court was well within its jurisdiction to determine the applicability of the automatic stay to the Foreclosure Case and the Foreclosure Sale because it "is settled law" that "[t]he court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether

the proceeding pending before it is subject to the automatic stay." *In re Montana*, 185 B.R. 650, 652 (Bkrtcy. S.D.Fla. 1995) (quoting *Rogers v. Overstreet (In re Rogers),* 164 B.R. 382 (Bankr. N.D.Ga. 1994)); *see also In re Sea Span Publications, Inc.,* 126 B.R. 622, 624 (Bkrtcy.M.D.Fla.,1991) (finding it "is now well established that it is appropriate for a nonbankruptcy forum to determine the reach and scope of the automatic stay"). Accordingly, all four criteria for applicability of the *Rooker-Feldman* doctrine are met in this proceeding.

38. If this Court were to now void the Foreclosure Sale, it would "effectively nullify" the Circuit Court's judgment, as affirmed on appeal, that the automatic stay did not void the Foreclosure Sale. The Debtor cannot succeed in this proceeding without this Court ruling the Circuit Court was wrong in its conclusion. Because the Circuit Court squarely adjudicated the issue of the applicability of the automatic stay, this adversary proceeding "is nothing more than a prohibited appeal of the state-court judgment." *In re Glass*, 240 B.R at 788 (citations omitted).

39. The decisions of the Circuit Court are also protected and preserved by the full faith and credit provisions of Article IV, Section I of the United States Constitution and the Full Faith and Credit Act, 28 U.S.C. §1738. The Full Faith and Credit Act requires federal courts to give state court judgments the same preclusive effect that they would be given in courts of the state from which the judgment emerged. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982). All of the Debtor's claims in this proceeding relate to the claims presented and litigated in the Foreclosure Case—premised nearly entirely on the argument that the automatic stay precluded the Foreclosure Sale. The Circuit Court, as well as Florida Appellate Courts, have already adjudicated these issues, and this Court must give preclusive effect to those rulings.

**IV.    Debtor's claims are barred by both Res Judicata and Collateral Estoppel**

40. Under the doctrine of res judicata, a

judgment on the merits rendered in a *former* suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

*Fla. Dep't of Transp. v. Juliano,* 801 So. 2d 101, 105 (Fla. 2001) (emphasis in original) (citing Kimbrell v. Paige, 448 So. 2d 1009, 1012 (Fla. 1984)). "Importantly, the doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case." *See id.* (citations omitted).

41. Similarly, collateral estoppel prohibits relitigating an issue that has been fully litigated by the same parties or their privies, where there has been a final decision rendered by a court. *Mortg. Elec. Registration Sys., Inc. v. Badra,* 991 So. 2d 1037, 1039 (Fla. 4th DCA 2008) (citing Rice-Lamar v. City of Ft. Lauderdale, 853 So. 2d 1125, 1131 (Fla. 4th DCA 2003)).

42. Emigrant filed its Foreclosure Case against the Debtor in the Circuit Court. The Debtor appeared in the Foreclosure Case and asserted a variety of defenses, appealed the judgment against him, and sought on multiple occasions to void the Foreclosure Judgment and avoid the Foreclosure Sale, including on the basis that the automatic stay precluded the Foreclosure Sale and issuance of a Certificate of Title.

43. In this adversary proceeding, the Debtor's claims all relate to the foreclosure and the arguments he previously asserted in the Foreclosure Case. Because the doctrines of *res judicata* and collateral estoppel preclude re-litigating claims and issues that were or could have been raised in the Foreclosure Case, the Debtor cannot now attempt to re-litigate such claims and issues in this court.

44. Although the BFP Owners were not a party to the Foreclosure Case, the bar extends to them as the current owners of the Property. The Debtor's allegations that the

Foreclosure Sale should be set aside is a predicate to his allegations that the BFP Owners' deed—as well as all prior deeds in the chain of title—should be voided. To the extent the Debtor cannot re-argue those allegations in this Court, the predicate to voiding the BFP Owners' deed fails, and so must the claims against the BFP Owners.

V.  **Conclusion**

The Debtor's Complaint is without legal or factual merit. No construction of the factual allegations will even plausibly support the causes of action asserted because the automatic stay was simply not in effect when the Foreclosure Sale occurred, and therefore there is no legal basis to void the Foreclosure Sale and the subsequent issuance of a Certificate of Title. Moreover, this Court lacks jurisdiction to consider the Debtor's claims because they are barred by the *Rooker-Feldman* doctrine, the Full Faith and Credit Act and principles of *res judicata* and collateral estoppel. The Debtor made numerous attempts to vacate the Foreclosure Judgment, set aside the Foreclosure Sale, and preclude transfer of title to Emigrant, all of which were rebuked by the Circuit Court, and affirmed on appeal. This Court cannot act as another appellate court to reconsider the Circuit Court's rulings.

The Plaintiff's Complaint is not supported by the material facts necessary to establish his claims, and is not supported by the application of existing law to those material facts. Accordingly, pursuant to Rule 9011 of the Federal Rules of Civil Procedure, the BFP Owners are entitled to an award of attorney fees as sanctions against the Plaintiff and his attorney, Nadine White-Boyd.

**This Motion shall be served upon the Plaintiff and his counsel on the date indicated below but shall not be filed with the Court until twenty-one (21) days after service of the**

**Motion. Further, this Motion shall not be filed with the Court if the Complaint is dismissed in its entirety.**

                                      Respectfully submitted,

                                      SHUMAKER, LOOP & KENDRICK, LLP

                                      By: */s/ Seth P. Traub*
                                            STEVEN M. BERMAN
                                            Fla. Bar No. 856290
                                            SETH P. TRAUB
                                            Fla. Bar No. 022088
                                            101 East Kennedy Blvd, Suite 2800
                                            Tampa, Florida 33672-0609
                                            Phone: (813) 229-7600
                                            Fax: (813) 229-1660
                                            *Counsel for Defendants, Chad Ingram,*
                                            *Sannaa Ingram, and Ilkka Juhani Sysimetsa*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2016, a true and correct copy of the foregoing was furnished via e-mail and U.S. Mail to:

**Nadine V. White-Boyd, Esq.**
Markarian Frank White-Boyd & Hayes
2925 PGA Blvd., Suite 204
Palm Beach Gardens, FL 33410

                                              /s/ Seth P. Traub
                                              *Counsel*