## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:

IN RE JOSEPH LLEWELLYN WORRELL         Chapter 13
aka JOEY WORRELL,                             Case No. 09-15332-EPK
                 Debtor.

_____/

JOSEPH LLEWELLYN WORRELL          Adversary Proceeding
aka JOEY WORRELL,                             Case No.: 16-01046-EPK
                 Plaintiff,

vs.

EMIGRANT MORTGAGE COMPANY, INC.,
RETAINED REALTY, INC.,

                 Defendant.

_____/

## AMENDED ADVERSARY COMPLAINT FOR DECLARATORY RELIEF AND FOR VIOLATION OF THE AUTOMATIC STAY

COMES NOW, PLAINTIFF, JOSEPH LLEWELLYN WORRELL aka JOEY

WORRELL, Chapter 13 debtor herein, and files this AMENDED Adversary Complaint against

EMIGRANT MORTGAGE COMPANY, INC., RETAINED REALTY INC and alleges as

follows:

### JURISDICTION

1.      This is an adversary proceeding seeking declaratory relief, damages for

violation of the automatic stay and cancellation of deed pursuant to Rule 7001 of the Rules of

Bankruptcy Procedure and for other relief.

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 1334 and 157 and 11 U.S.C §§105 and 362.

3.      Venue is appropriate before this Court by virtue of 28 U.S.C. § 1409.

## PARTIES

4.     JOSEPH LLEWELLYN WORRELL a.k.a. JOEY WORRELL is a resident of Florida, is otherwise sui juris, and at all times material, served our nation honorably as a Second Class Petty (non-commissioned) Officer in the United States Navy (hereinafter "PETTY OFFICER WORRELL").

5.     EMIGRANT MORTGAGE COMPANY, INC. (hereinafter "EMIGRANT") is a New York Corporation authorized to do business, and doing business in the State of Florida.

6.     RETAINED REALTY INC. (hereinafter "Retained Realty") is a New York Corporation authorized to do business and doing business in the State of Florida. Upon information and belief EMIGRANT is the parent company for Retained Realty.

## PRELIMINARY STATEMENT

7.     This Adversary Proceeding seeks declaratory judgment pursuant to 11 U.S.C. §105 and damages for violation of stay pursuant to 11 U.S.C. §362, over which this Court has jurisdiction pursuant to 28 U.S.C §1334(b) and 28 U.S.C. § 157 against EMIGRANT.

8.     To the extent that EMIGRANT has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated and not contingent, or has otherwise requested payment from the Debtor or the Debtor's estate, this Complaint is not intended to be, nor should it be construed as a waiver of Plaintiff's right to object to such Claim for any reason including but not limited to, 11 U.S.C. 502(a) through (j), and such rights are expressly reserved.

## GENERAL ALLEGATIONS

9.     On March 26, 2009  ("Petition Date") PETTY OFFICER WORRELL filed for relief under Chapter 13 of the Bankruptcy Code.

10.     As of the Petition Date, PETTY OFFICER WORRELL was a member of the United States Navy.

11.     Listed on the Debtor's Schedule A is debtor's interest in real property located at 13993 Caloosa Blvd., West Palm Beach, Florida 33418 and more specifically described as

Lot 62, SECTION THREE CALOOSA 1st ADDITION, according to the map or plat thereof, as recorded in Plat Book 34, Page(s) 56 through 62, inclusive, of the Public Records of Palm Beach County, Florida.
(hereinafter the "Real Property").

12.     The Real Property was subject to a lien held by EMIGRANT as reflected on Schedule D of PETTY OFFICER WORRELL'S  Bankruptcy Schedules.

13.     Prior to the Petition Date an action was initiated by EMIGRANT against  PETTY OFFICER WORRELL and others seeking to foreclose on the real property in case number 502007CA019114XXXXMB pending in the 15th Judicial Circuit, Circuit Court, Palm Beach County, Florida (hereafter "EMIGRANT's Foreclosure Action").

14.     On April 10, 2009, PETTY OFFICERWORRELL filed a Notice regarding his active military service pursuant to 50 U.S.C. § 501 ( the Servicemen Civil Relief Act) ("SCRA Notice") (ECF # 14).[1]

15.     A 341 Meeting of creditors was scheduled for June 22, 2009, that PETTY OFFICER WORRELL did not attend.  On July 1, 2009, the bankruptcy case was dismissed for failure to appear at the 341 meeting and for failure to make pre-confirmation plan payments. (ECF # 28).

16.     On August 12, 2009 PETTY OFFICER WORRELL filed a Motion to Reinstate Chapter 13 Case and For Stay of Proceedings to Vacate the Dismissal Order (ECF # 30). Attached as an exhibit was a Letter dated July 18, 2009 from the Department of the Navy to the Bankruptcy Court notifying the Court of PETTY OFFICER WORRELL's service to the United States and of his deployment until the Spring of 2010.  A hearing was held on August 27, 2009.

---

[1] All references to ECF herein relates to the pleadings filed in the Chapter 13 Case number 09-15332-EPK by Petty Officer Worrell.

The Court entered an Order granting PETTY OFFICER WORRELL's Motion and reinstating the

case. The Order was entered on September 1, 2009 (ECF #33).  The  Court entered its order

granting PETTY OFFICER WORRELL's Motion as follows:

> *This Court's Order Dismissing Case for Failure to Make Pre-Confirmation Plan Payments and For Failure to Appear at the 341 Meeting of Creditors [DE 28] is VACATED and this case is REINSTATED.*
>
> *Pursuant to 50 U.S.C. app. §§522(b) and (d), the above styled bankruptcy case, and all proceedings therein are STAYED until April 30, 2010.*
>
> *\*\*\**
>
> *Objections to this Order may be filed with the Court within ten (10) days of the date of entry of this Order, at which time the Court shall set a hearing on said objections."[2]*

17.     On August 31, 2009, EMIGRANT conducted the sale of the Real Property,

despite the order of this Court emanating from the hearing held five days earlier.  EMIGRANT

participated in the foreclosure sale, and submitted the highest, winning bid.  The Certificate of

Title issued as a consequence of the foreclosure sale on August 31, 2009 is attached hereto as

**Exhibit "A".**

18.     On September 2, 2009, while PETTY OFFICER WORRELL was on duty,

Counsel for  PETTY OFFICER WORRELL filed a Motion to Set Aside Foreclosure Sale and

Motion For Stay of Proceedings in EMIGRANT's Foreclosure Action, attaching to the Motion

the Bankruptcy Court's Order Granting Motion to Vacate Dismissal. PETTY OFFICER

WORRELL's Motion filed in EMIGRANT's Foreclosure Action is attached hereto as **Exhibit**

**"B".**

19.     On October 30, 2009, EMIGRANT filed a Motion to Allow Late Filed Claim(s)

---

[2] Petty Officer Worrell's counsel informed the court that he had not served notice of the August 27, 2009 hearing.

as Timely Filed (*No Hearing Requested Until After April 30, 2010*)  (ECF # 37).

20.      On September 10, 2015, EMIGRANT transferred the Real Property to Defendant Retained Realty, Inc. by Quit Claim Deed recorded on September 11, 2015 in Official Record Book 27791 Page 0284 in Palm Beach County, Florida. Attached hereto as **Exhibit "C"** is a copy of the Quit Claim Deed.[3]

21.      On September 10, 2015, Retained Realty transferred the Real Property to Chad Ingram, Saana Ingram, husband and wife, and Ilkka Juhani Sysimetsa, a single man, by Special Warranty Deed recorded with the Clerk and Comptroller, Palm Beach County, Florida on September 11, 2015 in Official Record Book 27797 Page 0286.  Attached hereto as **Exhibit "D"** is a copy of the Special Warranty Deed.

## COUNT ONE
## Action for Declaratory Relief

22.      Plaintiff hereby repeats and realleges the allegations contained in Paragraphs 1 through 21 as though fully set forth and incorporated herein.

23.      This is an action for Declaratory Relief brought pursuant to 11 U.S.C. §105.

24.      11 U.S.C. § 105(a) vests bankruptcy judges with broad discretion to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title"

25.      As alleged in the facts outlined above and in Count Two below, a foreclosure sale of the Real Property was conducted in direct and wilful violation of 11 U.S.C. §362(a). The stay which was in effect precluded EMIGRANT from proceeding with the foreclosure sale.

---

[3] The Quit Claim deed transferring the property was notarized two days prior to the day it was executed. The Quit Claim deed includes language indicating that the "transfer is from a parent transferor to its wholly owned transferee without any exchange of value"

However, EMIGRANT proceeded with the foreclosure sale in direct violation of the automatic stay that was in place which resulted in PETTY OFFICER WORRELL's loss of Real Property.

26.     Due to the foreclosure sale of the Real Property being conducted in violation of the automatic stay imposed by 11 U.S.C. §362(a) the foreclosure sale and any resulting action shall be void

**WHEREFORE**, PETTY OFFICER WORRELL, by and through his undersigned counsel, respectfully requests that the Court enter judgment in his favor as follows:

(a)     declaring that the foreclosure sale was in violation 11 U.S.C. §362;

(b)     declaring that the Real Property is property of the bankruptcy estate;

(c)     declaring that the foreclosure sale was void and of no effect; and

(d)     for such other and further relief as the court deems just and proper.

<u>**COUNT TWO**</u>
<u>**Action for Willful Violation of the Automatic Stay**</u>

27.     Plaintiff hereby repeats and realleges the allegations contained in Paragraphs 1 through 21 as though fully set forth and incorporated herein.

28.     On or about October 29, 2007, prior to the Petition Date, EMIGRANT had filed an action against PETTY OFFICER WORRELL seeking to foreclose on the Real Property.

29.     PETTY OFFICER WORRELL'S filing of the Chapter 13 case on March 26, 2009 stayed EMIGRANT's Foreclosure Action.

30.     At the time of the filing of the Bankruptcy Petition, PETTY OFFICER WORRELL owned Real Property that was property of the bankruptcy estate at the time of the filing. Property of the estate is defined at 11 U.S.C. § 541(a), which states in pertinent part:

(a)  The commencement of a case under section 301, 302, or 303 of this title creates an estate.  Such estate is comprised of all the following property, wherever located and by whomever held:

Page 6 of 12

(1) [. . .] all legal or equitable interests of the debtor in property as
of the commencement of the case."

31.     As of the Petition Date, the Plaintiff had legal and equitable rights to the Real

Property.  The Real Property was therefore property of the estate.

32.     In violation of 11 U.S.C.§§ 362(a)(1), (2), (3), (4), and (5) EMIGRANT willfully

engaged in actions to deprive the Debtor of property of the Bankruptcy Estate.

33.     11 U.S.C. § 362(a) states in pertinent part:

(a)  [A] petition filed under section 301, 302, or 303 of this
title…operates as a stay, applicable to all entities, of . . .

(1) the commencement or continuation, including the issuance or
employment of process, of a judicial, administrative, or other
action or proceeding against the debtor that was or could have been
commenced before the commencement of the case under this title,
or to recover a claim against the debtor that arose before the
commencement of the case, under this title;

(2) the enforcement, …against property of the estate, of judgment
obtained before the commencement of the case;

(3) any act to obtain possession of property of the estate or of
property from the estate or to exercise control over property of the
estate;

(4) any act to create, perfect, or enforce any lien against property
of the estate;
(5) any act to create, perfect, or enforce against property of the
debtor any lien to the extent that such lien secures a claim that
arose before the commencement of the case under this title.

34.     EMIGRANT continued its foreclosure action after the stay was reinstated, in

violation of 11 U.S.C. § 362(a)(1). EMIGRANT was the successful bidder at the foreclosure

sale.

35.     EMIGRANT proceeded with the judgment it obtained prior to the bankruptcy by

foreclosing on the Real Property while the stay was in effect, in violation of 11 U.S.C. § 362(a)(2).

36.     Additionally, EMIGRANT took possession of the Real Property while the stay was in effect and without obtaining relief from stay, in violation of 11 U.S.C. § 362(a)(3) of the Bankruptcy Code.

37.     In enforcing the lien against the Real Property and foreclosing on the Real Property without obtaining relief from stay, EMIGRANT violated 11 U.S.C. § 362(a)(4) of the Bankruptcy Code.

38.     EMIGRANT furthermore violated the automatic stay pursuant to 11 U.S.C. § 362(a)(5) by enforcing the lien against the Real Property.

39.     Further, 11 U.S.C. §362(c) states in pertinent part:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section –

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

(2) the stay of any other act under subsection (a) of this section continues until the earliest of

(A)     the time the case is closed;

(B)     the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied."

40.     On August 31, 2009, at the time of EMIGRANT's Foreclosure Action the automatic stay imposed by Section 362(a) was still in effect prohibiting the foreclosure sale.

41.    Additionally, PETTY OFFICER WORRELL'S bankruptcy case had not been closed nor dismissed, nor had PETTY OFFICER WORRELL been granted a discharge on August 31, 2009, when EMIGRANT foreclosed on the Real Property.

42.    Upon information and belief, EMIGRANT had knowledge of the automatic stay being reinstated and being in effect on August 31, 2009, but under any circumstances, Counsel for PETTY OFFICER WORRELL filed a copy of the Bankruptcy Court's Order Granting PETTY OFFICER WORRELL's Motion to Vacate Dismissal reinstating PETTY OFFICER WORRELL'S bankruptcy case, in EMIGRANT's Foreclosure Action on September 2, 2009. Consequently, EMIGRANT was required to vacate the foreclosure sale immediately, but it did not.

43.    Additionally, EMIGRANT acknowledged receipt of the Bankruptcy Court's Order (ECF # 33) reinstating PETTY OFFICER WORREL's bankruptcy case, in its Motion to Allow Late Filed Claim (ECF # 37) .

44.    Upon learning that PETTY OFFICER WORRELL's bankruptcy case had been reinstated, EMIGRANT should have taken immediate steps to vacate the sale. Instead, EMIGRANT took affirmative action that:

a) constituted a willful violation of the automatic stay;

b) sold the Real Property while the Chapter 13 was pending;

c) improperly sold the Real Property without having obtained relief from stay pursuant to 11 USC § 362(d), in violation of 11 U.S.C. § 362;

d) assumed disposition and control of the Real Property, property of the Bankruptcy Estate, without seeking relief or approval from the Bankruptcy Court.

45.    11 U.S.C. § 362(k) states in pertinent part:

> (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

46.    A finding of violation of the stay constitutes a predicate for further relief against EMIGRANT.

47.    As a result of EMIGRANT's willful violation of 11 USC § 362 of the Bankruptcy Code, PETTY OFFICER WORRELL

a.    lost his Real Property, and

b.    lost the opportunity to reinstate the loan on the Real Property.

48.    PETTY OFFICER WORRELL shall recover actual damages, is entitled to have the sale of the Real Property vacated and set aside, as well as expungement of related orders in EMIGRANT's Foreclosure Action.

**WHEREFORE**, PETTY OFFICER WORRELL prays for relief in his favor in the form of a judgment that:

(a)    declares EMIGRANT's actions to be a willful violation of the automatic stay;

(b)    declares that the Real Property is property of the bankruptcy estate

(c)    awards actual damages including costs and attorney's fees;

(d)    awards entry of Order that all orders entered in any other action in violation of the stay be invalidated;

(e)    awards entry of an Order that all Orders inconsistent with the stay in effect be expunged; and

(f)    Retains jurisdiction for the purposes of granting such other and further relief as this Court may deem just and proper and other damages that the Court sees fit.

## COUNT THREE
## CANCELLATION OF DEED TO RETAINED REALTY, INC.

49.     Plaintiff hereby repeats and realleges the allegations contained in Paragraphs 1 through 21 as though fully set forth and incorporated herein.

50.     As set forth in Count Two above the foreclosure sale was conducted in violation of  11 U.S.C. §362(a).

51.     Upon information and belief, the foreclosure sale is void as it was conducted in violation of 11 U.S.C. §362(a).  As the foreclosure sale is void the transfer of the Real Property to the Defendant Retained Realty is of no effect. EMIGRANT's transfer of the Real Property by Quit Claim Deed to Retained Realty is of no effect as EMIGRANT had not obtained title to the Real Property.

52.     Furthermore, upon information and belief Retained Realty is not a good faith bona fide purchaser of the Real Property as EMIGRANT is the parent company of Retained Realty and the transfer to Retained Realty was without any exchange of value.

53.     As the foreclosure sale is void, of no effect, and there was no consideration EMIGRANT's transfer by quit claim deed to Retained Realty shall be cancelled.

**WHEREFORE**, PETTY OFFICER WORRELL prays for relief in the form of a judgment as follows:

(a) Cancelling the Quit Claim Deed from EMIGRANT to Retained Realty;

(b) Entering a Judgment in favor of Petty Officer Worrell for the Real Property to be in the name of Plaintiff;

(c) Damages, attorney fees and costs of this action and enter a judgment for the payment thereof;

(d) Retain jurisdiction for the purposes of granting such other and further relief as

this Court may deem just and proper.

DATED: March 28, 2016.

I hereby certify that I am admitted to the Bar of the United States District Court For the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

MARKARIAN FRANK WHITE-BOYD & HAYES
Attorneys for Plaintiff
2925 PGA Blvd. Suite 204
Palm Beach Gardens, FL 33410
Phone:561-626-4700

By:____/s/ Nadine V. White-Boyd
   Nadine V. White-Boyd, Esq.
   Florida Bar No. 0184144

/Volumes/DATA/WPDOCS/Client Matters/Worrell/Adversary Case/Pleadings/COMPLAINT.AMENDED.doc

P-31-2009



IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,
a Florida not-for-profit corporation,
      Plaintiff,

v.

JOSEPH L. WORRELL, et. al.,

      Defendants.

_____/

CASE NO.: 502007CA019114XXXXMBAW

CFN 20130055687
OR BK 25771 PG 0217
RECORDED 02/05/2013 16:11:50
Palm Beach County, Florida
AMT 100.00
Doc Stamp 0.70
Sharon R. Bock, CLERK & COMPTROLLER
Pg 0217; (1pg)

### CERTIFICATE OF TITLE

    The undersigned SHARON R. BOCK, Clerk of the Court, certifies that she executed and filed a certificate of sale in this action on _AUGUST 31, 2009_, 2013, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections. or have been heard by the court.

The following property in PALM BEACH COUNTY, Florida:

    **Lot 62, Section Three Caloosa 1st Additional, according to the Plat thereof on file in the Office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, in Plat Book 34, Pages 56 to 62**

was sold to _EMIGRANT MORTGAGE COMPANY, INC. C/O BECKER & POLIAKOFF, P.A., 121 ALHAMBRA PLAZA, 10TH FLOOR, CORAL GABLES, FL 33134_
WITNESS my hand and the seal of this court on _____FEB 0 1 2013_____,

SHARON R. BOCK, as Clerk

BY _____
      Deputy Clerk    KENNETH BIANCO

ACTIVE: E09475/116345:1845588.1

2013 FEB -1 AM 9:09
SHARON R. BOCK, C.E.N
PALM BEACH COUNTY, FL
CIRCUIT CIVIL 1
FILED

**LAW OFFICES**
Becker & Poliakoff, P.A. - Alhambra Towers - 121 Alhambra Plaza, 10th Floor - Coral Gables, FL 33134
TELEPHONE (305) 262-4433

EXHIBIT
"A"

THIS IS NOT A CERTIFIED COPY

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA
## CIVIL DIVISION

EMIGRANT MORTGAGE COMPANY, INC.,
a Foreign Profit Corporation
           Plaintiff,

                                 CASE NO. 502007CA019114AW

vs.

JOSEPH L. WORRELL, et al,
           Defendants.

## DEFENDANT'S MOTION TO SET ASIDE FORECLOSURE
## SALE AND MOTION FOR STAY OF PROCEEDINGS.

      COMES NOW the Defendant by and through the undersigned attorney and files this

Motion to Set Aside the Foreclosure Sale and Motion for Stay of Proceedings, and state and

allege as follows:

      (1)    A Foreclosure Judgment was entered against Defendant's primary residence on

10/20/2008.

      (2)    A chapter 13 voluntary petition was filed on 03/26/2009.

      (3)    The Bankruptcy Court entered an Order dismissing the chapter 13 case on

07/01/2009.

      (4)    The Defendant's residence was sold at public auction on 08/31/2009.

      (5)    The Bankruptcy Court entered an Order reinstating the case 09/01/2009. See order

attached as Exhibit A.

      (6)    A suggestion of bankruptcy was filed with this court on 09/02/2009. See Exhibit

B.

      (7)    When the certificate of title is filed the sale shall stand confirmed, and title to the

property shall pass to the purchaser named in the certificate without the necessity of any further

proceedings or instruments. See F.S. 45.031(6)

      (8)    The certificate of title has not been filed.

      (9)    Title therefore remains with the Defendant and is a part of the bankruptcy estate.

      (10)   This Court does not have authority to sell property of the bankruptcy estate, which

renders the foreclosure sale void.

**EXHIBIT**

_B_

tabbies®

(11)   The bankruptcy code provides that the automatic stay of an act against property of the estate continues until the property is no longer property of the estate. 11 U.S.C. § 362(c)(1).

(12)   The automatic stay is therefore in effect and this Court is therefore enjoined from taking any further action in this matter.

WHEREFORE, the Defendant moves to set aside the foreclosure sale and for a stay of proceedings.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail this 2nd day of September, 2009 upon:

Emigrant Mortgage Company, Inc.
c/o Steven M. Davis, Esq.
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134

Marie Campbell, Esq.
Florida Default Law Group, PL
Attorneys for Navy Federal Credit Union
P.O. Box 25018
Tampa, FL 33622-5018

Nelson A. Hunter, Esq.
Florida Bar No. 0674801
P.O. Box 213368
Royal Palm Beach, FL 33421
Tel. (561) 909-7622
Fax: (561) 793-1492
Attorney for JOSEPH L. WORRELL



**ORDERED in the Southern District of Florida on September 01, 2009.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

CASE NO.: 09-15332-EPK

**JOSEPH LLEWELLYN WORRELL**
aka JOEY WORRELL,

Chapter 13

Debtor.
_____/

**ORDER GRANTING DEBTOR'S MOTION TO REINSTATE**
**CHAPTER 13 CASE AND MOTION FOR STAY OF PROCEEDINGS**

THIS MATTER came before the Court for hearing on August 27, 2009 upon the *Motion*
*to Reinstate Chapter 13 Case and Motion for Stay of Proceedings* (the "Motion") [DE 30] filed
by Joseph Llewellyn Worrell, aka Joey Worrell (the "Debtor").

The Debtor requests a stay of all proceedings in the above-captioned bankruptcy case
pursuant to the Servicemembers Civil Relief Act (the "SCRA"), 50 U.S.C. app. §§ 522(b) and
(d). The SCRA mandates a stay of any civil action in which a party is in military service or is

1

*Exhibit A*

within 90 days after termination of or release from military service, so long as the servicemember provides the court with the two documents enumerated in the statute. 50 U.S.C. app. §§ 522(a), 522(b)(2). The purposes of the SCRA are "(1) to provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. app. § 502.

For the reasons stated on the record, and with the Court being otherwise fully advised in premises, it is ORDERED AND ADJUDGED as follows:

1)    The Motion [DE 30] is GRANTED.

2)    This Court's *Order Dismissing Case for Failure to Make Pre-Confirmation Plan Payments and for Failure to Appear at the Section 341 Meeting of Creditors* [DE 28] is VACATED and this case is REINSTATED.

3)    Pursuant to 50 U.S.C. app. §§ 522(b) and (d), the above-styled bankruptcy case, and all proceedings therein, are STAYED until **April 30, 2010.**

4)    The Debtor shall inform the Court if he returns from his deployment before April 30, 2010.

5)    Objections to this Order may be filed with the Court within ten (10) days of the date of entry of this Order, at which time the Court shall set a hearing on said objection(s).

###

Copies Furnished To:

2

Joseph LLewellyn Worrell
13993 Caloosa Blvd
Palm Beach Gardens. FL 33418

Nelson A Hunter. Esq.
POB 213368
Royal Palm Beach. FL 33421

Robin R Weiner
POB 559007
Fort Lauderdale. FL 33355

AUST

*Nelson A. Hunter. Esq. shall serve a conformed copy of this order on all interested parties and file a Certificate of Service of the same.*

3



**DEPARTMENT OF THE NAVY**
NAVY EXPEDITIONARY LOGISTICS SUPPORT
GROUP FORWARD
APO AE 09366

IN REPLY REFER TO
5822
Ser S1/735
18 Jul 09

US Bankruptcy Court
Flagler Waterview Bldg.
1515 North Flager Drive, 8th Floor
West Palm Beach, FL 33401

Dear Honorable Judge:

My name is Jim Sills, Captain, U.S. Navy and I am the Commanding
Officer of Navy Expeditionary Support Group, Forward Juliet. I
am writing on behalf of one of my sailors, Joseph L. Worrel,
Information Technician Second Class (IT2), United States Navy.

IT2 Worrel is deployed with my battalion to the Persian Gulf to
take part in the Global War On Terrorism. I am not at liberty
to disclose his departure date or location; however, he will
remain out of country prior to your scheduled hearing and will
not be re-deployed until the spring of 2010. Due to the
sensitive nature of deployment and the job he is doing while
abroad, he is materially needed to ensure mission accomplishment
and hence, will not be authorized military leave until the term
of his deployment is met. Accordingly, pursuant to the Service
Members' Civil Relief Act, 50 U.S.C. App. §§ 501-596, I
respectfully request, on behalf of IT2 Worrel, a stay of the
proceeding until he is able to appear for these proceedings upon
his return.

I am prepared to answer any questions you may have. You may
also reach my Staff Judge Advocate, Lieutenant Commander Tri
Nhan regarding the content of this letter. He can be reached at
Tri.H.Nhan@Kuwait.swa.army.mil.

J. R. Sills

EXHIBIT B

CFN 20150338076
OR BK 27797 PG 0284
RECORDED 09/11/2015 15:33:19
Palm Beach County, Florida
AMT 10.00
Doc Stamp 0.70
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 0284 - 285; (2pgs)

THIS INSTRUMENT PREPARED BY:
Scott A. Marcus, Esq.
Becker & Poliakoff, P. A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, Florida 33301

## QUIT CLAIM DEED

THIS QUIT CLAIM DEED, executed this 10 day of September, 2015, by **EMIGRANT MORTGAGE COMPANY, INC., a New York corporation**, whose address is 5 East 42nd Street, New York, NY 10017, grantor, to **RETAINED REALTY, INC., a New York corporation**, whose address is 5 East 42nd Street, New York, NY 10017, grantee:

(Whenever used herein the terms "grantor" and "grantee" shall include singular and plural heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, wherever the context so admits or requires.)

**WITNESSETH**, That said grantor, for and in consideration of the sum TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, does hereby remise, release and quit-claim unto the said grantee, and grantee's heirs and assigns forever, all the right, title, interest, claim and demand which grantor has in and to the following described land, situate, lying and being in **Palm Beach County**, Florida, to-wit:

**Lot 62, SECTION THREE CALOOSA 1ST ADDITION, according to the map or plat thereof, as recorded in Plat Book 34, Page(s) 56 through 62, inclusive, of the Public Records of Palm Beach County, Florida.**

**Folio No. 00-41-41-20-01-003-0620**

**DOCUMENTARY STAMP TAXES ARE NOT DUE ON THIS TRANSFER, AS THE TRANSFER IS FROM A PARENT TRANSFEROR TO ITS WHOLLY OWNED TRANSFEREE WITHOUT ANY EXCHANGE OF VALUE; Crescent Miami Center, LLC v. Florida Department of Revenue.**

**THE PREPARER OF THIS INSTRUMENT WAS NEITHER FURNISHED WITH NOR ASKED TO REVIEW TITLE TO THIS PROPERTY AND THEREFORE PROVIDES NO OPINION AS TO THE STATUS OF TITLE.**

**TO HAVE AND TO HOLD** the same together with all and singular the appurtenances thereunto belonging or in anyway appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said first party, either in law or equity for the use, benefit and profit of the said grantee forever.

EXHIBIT
tabbies
___C___

ACTIVE: E09475/370013;7499097_1

Book27797/Page284                               Page 1 of 2

IN WITNESS WHEREOF, the said first party has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in our presence:

Witness: Sharon Floriano

Printed Name: Sharon Floriano

Witness: Levi Chow

Printed Name:

**EMIGRANT MORTGAGE COMPANY, INC.,**
**a New York corporation**


By: _____
Tara Cardoza, First Vice President


State of New York
County of New York

The foregoing instrument was acknowledged before me this 8th day of September 2015 by Tara Cardoza, as First Vice President of EMIGRANT MORTGAGE COMPANY, INC., a New York corporation, on behalf of the company. He is personally known to me or provided _____ _____ for identification

Notary Public

Print Name of Notary

JAMES CONNOR
NOTARY PUBLIC, State of New York
No. 01CO6067957
Qualified in Richmond County
Commission Expires Feb. 11, 2018

My Commission Expires:

CFN 20150338077
OR BK 27797 PG 0286
RECORDED 09/11/2015 15:33:19
Palm Beach County, Florida
AMT 419,000.00
Doc Stamp 2,933.00
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 0286 - 287; (2pgs)

Prepared by and return to:
Scott A. Marcus, Esq.
Attorney at Law
Becker & Poliakoff, P.A.
1 East Broward Boulevard Suite 1800
Fort Lauderdale, FL 33301
954-987-7550
File Number: 370013
Will Call No.:

[Space Above This Line For Recording Data]

# Special Warranty Deed

**This Special Warranty Deed** made this ___ day of September, 2015 between **Retained Realty, Inc., A New York corporation** whose post office address is 5 East 42nd Street, New York, NY 10017, grantor, and **Chad Ingram and Saana Ingram, husband and wife and Ilkka Juhani Sysimetsa, a single man** whose post office address is **1600 Flagler Blvd., Lake Park, FL 33403**, grantee:

(Whenever used herein the terms grantor and grantee include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantee in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Palm Beach County, Florida**, to-wit:

> **Lot 62, SECTION THREE CALOOSA 1ST ADDITION,** according to the map or plat thereof, as recorded in Plat Book 34, Page(s) 56 through 62, inclusive, of the Public Records of Palm Beach County, Florida.
>
> **Parcel Identification Number: 00-41-41-20-01-003-0620**

Subject to taxes for 2015 and subsequent years; covenants, conditions, restrictions, easements, reservations and limitations of record, if any which shall not serve to reimpose the same, together with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons claiming by, through or under grantors.



EXHIBIT
D

DoubleTime®

**In Witness Whereof,** grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Name: Sharon Froland

Witness Name: Levi Chew

Retained Realty, Inc., A New York corporation

By: _____
Tara Cardoza, President

(Corporate Seal)

State of New York
County of New York

The foregoing instrument was acknowledged before me this _8th_ day of September, 2015 by Tara Cardoza, President of Retained Realty, Inc., A New York corporation, on behalf of the corporation. He/she [X] is personally known to me or [X] has produced a driver's license as identification.

[Notary Seal]

Notary Public

Printed Name: _____

My Commission Expires: _____

JAMES CONNOR
NOTARY PUBLIC, State of New York
No. 01CO6067957
Qualified in Richmond County
Commission Expires Feb. 11, 2018

*Special Warranty Deed - Page 2*

**DoubleTime®**