**ORDERED in the Southern District of Florida on December 22, 2016.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re:<br><br>SIXTY SIXTY CONDOMINIUM ASSOCIATION, INC.,<br><br>Debtor. | CASE NO. 16-26187-RAM<br>CHAPTER 11 |

**ORDER ON STAY VIOLATION MOTION**

The Court conducted a hearing on December 21, 2016, on Debtor's Motion for Sanctions Against Schecher Group, Inc., and Richard Schecher for Violation of the Automatic Stay and to Compel Access to Estate Property (the "Stay Violation Motion") [DE# 13].

The Debtor alleges that the Schecher Group, Inc., and Richard Schecher (collectively, the "Hotel Owner") violated the automatic stay and should be sanctioned. Among other things, the Debtor alleges that the Hotel Owner has denied the Debtor and unit owners access to the residential units in the building located at 6060 Indian Creek Drive, Miami Beach (the "Building"). The Stay Violation Motion also seeks prospective relief compelling the Hotel Owner to provide access to residential and commercial units in the Building and seeks an accounting. On December 20, 2016, the Hotel Owner filed a Verified Response in Opposition to [the Stay Violation Motion] (the "Response") [DE# 35].

The December 21, 2016 hearing was not an evidentiary hearing and the Stay Violation Motion and Response raise factual issues regarding the postpetition actions of the Hotel Owner. Therefore, this Order does not contain any findings on whether the Hotel Owner violated the automatic stay. Rather, the purpose of this Order is to compel access by implementing the prospective relief agreed to by the Hotel Owners at the hearing. Therefore, it is –

**ORDERED** as follows:

1. The Court grants in part, denies in part, and reserves ruling in part, on the Stay Violation Motion.

2. The Motion for Sanctions is granted to the extent it seeks to compel access. As agreed to by the Hotel Owner at the

December 21st hearing, unless a residential unit is occupied by a hotel guest, the Hotel Owner shall (a) provide all residential unit owners access to their units, and provide the key cards or fobs necessary to access the units, the elevators, and the staircase; (b) provide any authorized representative of the Debtor access to the commercial units owned by the Debtor and all of the residential units, including providing the key cards or fobs necessary to access the residential units, the elevators, and the staircase.

3. At the December 21st hearing, the Debtor also requested relief compelling the Hotel Owner to allow residential unit owners to self-park in the Building’s parking lot. Counsel for the Hotel Owner proffered that the residential unit owners were required to use valet parking. The Court makes no finding on whether the residential unit owners have the right to self-park and simply Orders the Hotel Owner to provide whatever parking rights are required under the condominium declaration or other documents that govern parking rights.

4. The Stay Violation Motion is denied to the extent it seeks to compel an accounting without prejudice to the Debtor’s right to seek discovery from the Hotel Owner.

5. The Court reserves ruling on the Stay Violation Motion to the extent it seeks a finding that the Hotel Owner has violated

the automatic stay and seeks sanctions for the alleged violations. However, the Court will not set a further hearing unless the Debtor files a Supplement to the Stay Violation Motion that includes allegations of actual damages suffered from the alleged stay violations.

###

COPIES TO:

Brett D. Lieberman, Esq.
Lisa Castellano, Esq.
AUST