

ORDERED in the Southern District of Florida on April 12, 2016.



Erik P. Kimball, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

IN RE JOSEPH LLEWELLLYN WORRELL                 Chapter 13
a/k/a JOEY WORRELL,                              Case Number 09-15332-EPK

       Debtor.
_____/                  Adversary Proceeding
                                                 Case No.: 16-01046-EPK
JOSEPH LLEWELLLYN WORRELL
a/k/a JOEY WORRELL,

       Plaintiff,

vs.

EMIGRANT MORTGAGE COMPANY, INC.,
RETAINED REALTY, INC.,

       Defendant.
_____/

**ORDER GRANTING DEFENDANT EMIGRANT MORTGAGE COMPANY'S
AND RETAINED REALTY, INC.'S MOTION TO DISMISS
AND DENYING AS MOOT CHAD INGRAM, SAANA INGRAM,
AND ILKKA JUHANI SYSIMETSA'S MOTION TO DISMISS**

This Adversary Proceeding having come on for hearing before this Court on March 31, 2016 on Defendants Chad Ingram, Saana Ingram, and Ilkka Juhani Sysimetsa's Motion To Dismiss

[Dkt 11] and Defendants Emigrant Mortgage Company, Inc. and Retained Realty, Inc.'s Motion to Dismiss Adversary Proceeding [Dkt 16] (collectively, the "Motions to Dismiss"). Plaintiff and all Defendants appeared through counsel. This Court having reviewed the Complaint [Dkt 1], Amended Complaint [Dkt 27], and Motions to Dismiss and this Court having heard argument of counsel for Plaintiff, counsel for Emigrant Mortgage Company, Inc. and Retained Realty, Inc., and counsel for Chad Ingram, Saana Ingram, and Ilkka Juhani Sysimetsa, and, for the reasons stated orally and recorded in open Court, this Court finds and concludes as follows:

This Adversary Proceeding was commenced in Plaintiff's previously dismissed Chapter 13 bankruptcy case. The Plaintiff filed his petition for relief on March 26, 2009 [Dkt 27 ¶ 9]. Listed on Plaintiff's Schedule A was his interest in real property located at 13993 Caloosa Blvd., West Palm Beach, Florida 33418 and more specifically described as:

> Lot 62, SECTION THREE CALOOSA 1st ADDITION, according to the map or plat thereof, as recorded in Plat Book 34, Page(s) 56 through 62, inclusive, of the Pubic Records of Palm Beach County, Florida.

(hereinafter the "Real Property") [Dkt 27 ¶ 11]

Based solely upon the allegations in the Adversary Complaint and Amended Adversary Complaint, the automatic stay was not in effect at the time of the foreclosure sale of the Real Property. The foreclosure sale occurred on August 31, 2009 [Dkt 27 ¶ 17] and a Certificate of Sale was issued by the Palm Beach County Clerk of the Court on the same day. On August 31, 2009, there was neither any automatic stay nor was there any Servicemembers' Civil Relief Act stay in effect by this Court or any other court.

A review of the docket in this proceeding and in the underlying bankruptcy case reveals that this Court conducted a hearing on August 27, 2009 on the Plaintiff's Motion to Reinstate [Case 09-15332-EPK Dkt 30]. No notice of the hearing was provided to Emigrant Mortgage Company ("Emigrant") and Emigrant did not appear at the hearing, as evidenced by the transcript of the

2

hearing. The Plaintiff's Counsel (not the current counsel) at the time acknowledged that, in violation of this Court's Local Rules and the applicable Federal Rules of Bankruptcy Procedure, the August 27, 2009 hearing was not properly noticed and Plaintiff's counsel did not file a certificate of service for the hearing. [Transcript of August 27, 2009 hearing, Page 4, lines 8-10]. Similarly, there is no indication that Emigrant had any actual notice of the August 27, 2009 hearing either.

Although this Court orally ruled at the August 27, 2009 hearing, the oral ruling was not an order of this Court until reduced to writing. *In re Brown*, 290 B.R. 415, 421 (Bankr. M.D. Fla. 2003). The oral ruling did not result in the imposition of a stay of any court or party's conduct, including the subject foreclosure sale. Similarly, the Debtor failed to request this Court's oral ruling be reduced to writing and docketed on an emergency basis prior to the subject foreclosure sale. This Court's written order was entered on September 1, 2009 [Case 09-15332-EPK Dkt 33]. The Court's Order became effective on September 1, 2009, when the Order was docketed.

There is no retroactive imposition of the automatic stay. *In re Hill*, 305 B.R. 100, 107-108 (Bankr. M.D. Fla. 2003) ("Clearly, according to the strong weight of authority, vacating the order dismissing the case does not impose or reinstitute or revive the automatic stay retroactively to the date of the vacated order.") A retroactive stay would be troublesome as it could void title to *bona fide* purchasers. Here, the foreclosure sale that took place on August 31, 2009 did not violate either the automatic stay or the Servicemembers' Civil Relief Act stay, as neither of such stays were in effect. The August 31, 2009 foreclosure sale was appropriate to proceed as scheduled, in the absence of any stay, and Emigrant was not required to vacate its foreclosure sale as no stay was in effect when the sale took place.

As there was no violation of the automatic stay, there was no willful violation of the automatic stay.

3

At this Court's December 16, 2015 hearing on Plaintiff's Motion to Reopen Chapter 13 case [Case 09-15332-EPK Dkt 88], this Court granted the Motion, but only for the Plaintiff to seek sanctions for violation of the automatic stay [Transcript of December 16, 2015 hearing, Page 27, lines 12-17] [Case 09-15332-EPK Dkt 94]. Despite this limitation, the Plaintiff's original Adversary Complaint [Dkt 1] sought to challenge ownership and named the current owners of the Real Property as additional Defendants. Although Plaintiff's Amended Adversary Complaint [Dkt 27] removed the current owners, it continued to challenge ownership by seeking to vacate the deed from Emigrant Mortgage Company, Inc. to Retained Realty, Inc., a wholly owned subsidiary of Emigrant Mortgage Company, and to vacate the foreclosure sale [Dkt 27 ¶49-¶53]. The relief requested by the Plaintiff would have adversely affected title held by the current owners of the Real Property. Such relief was not only not authorized by the Court's December 16, 2015 order, but this Court specifically admonished the Plaintiff at the December 16, 2015 hearing against seeking relief as to title transferred to *bona fide* purchasers of the Real Property.

At all times material to this litigation, the Circuit Court in and for Palm Beach County, Florida ("State Court") had concurrent jurisdiction, with this Court, as to the scope and extent of both the automatic stay as well as the Servicemembers' Civil Relief Act, but had exclusive jurisdiction over the foreclosure, foreclosure sale, and transfer of title of the Real Property. This Court had exclusive jurisdiction only over the main bankruptcy proceeding pursuant to 28 USC §1334. This Court is barred by the doctrines of *res judicata* and collateral estoppel from setting aside, or otherwise affecting, the foreclosure sale. The State Court ruled multiple times in favor of Emigrant. This Court is further prohibited by the Rooker-Feldman Doctrine from setting aside, or otherwise affecting, the foreclosure sale.

It is therefore ORDERED and ADJUDGED as follows:

4

1.      Emigrant's Motion to Dismiss [Dkt 16] is GRANTED. Plaintiff's Adversary Complaint and Amended Adversary Complaint are dismissed with prejudice. Due to the filing of the Amended Adversary Complaint, Defendants Chad Ingram, Saana Ingram, and Ilkka Juhani Sysimetsa's Motion To Dismiss [Dkt 11] is moot and therefore denied.

2.      Regarding the Real Property, to the extent Plaintiff sought to vacate any title documents, this Court declines to do so, and specifically declines to vacate, modify or otherwise alter, any of the documents listed below:

   (a)    August 31, 2015 Certificate of Sale;

   (b)    February 1, 2013 Certificate of Title recorded in the Official Records of Palm Beach County in Book 25771 at Page 217;

   (c)    September 10, 2015 Quit Claim Deed from Emigrant Mortgage Company, Inc. to Retained Realty, Inc., recorded in the Official Records of Palm Beach County in Book 27797 at Page 284;

   (d)    September 10, 2015 Special Warranty Deed from Retained Realty, Inc. to Chad Ingram and Saana Ingram, husband and wife and Ilkka Juhani Sysimetsa, recorded in the Official Records of Palm Beach County in Book 27797 at Page 286;

3.      This Order shall be recorded in the public records of Palm Beach County, Florida.

# # #

**Submitted by:**

**Lisa M. Castellano, Esq.**
1511 N Westshore Blvd., Suite 1000
Tampa, FL 33607
Phone: 813-527-3900
Fax: 813-286-7683
lcastellano@bplegal.com

The party submitting this order is directed to serve copies of this order on the parties listed below and file a certificate of service conforming with Local Rule 2002-1(F).

> **Nadine V. White-Boyd, Esq.**
> Markarian Frank White-Boyd & Hayes
> 2925 PGA Blvd., Suite 204
> Palm Beach Gardens, FL 33410
>
> **Steven M. Berman, Esq.**
> **Seth P. Traub, Esq.**
> Shumaker, Loop & Kendrick, LLP
> 101 E. Kennedy Blvd, Suite 2800
> Tampa, FL 33602