

**ORDERED in the Southern District of Florida on May 9, 2016.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                    Case No. 09-15332-EPK

JOESPH LLEWELLYN WORRELL,                                 Chapter 13

     Debtor.
_____/

JOSEPH LLEWELLYN WORRELL,

     Plaintiff,
vs.
                                                          Adv. No. 16-01046-EPK
EMIGRANT MORTGAGE
COMPANY, INC., *et al.*,

     Defendants.
_____/

### ORDER GRANTING MOTION FOR SANCTIONS

THIS MATTER came before the Court for hearing on March 31 and April 14, 2016 upon the *Motion for Sanctions Pursuant to Rule 9011 and Memorandum of Law* [ECF No. 21] (the "Sanctions Motion") filed by Chad Ingram, Sannaa Ingram, and Ilkka Juhani Sysimetsa (the "BFP Owners"). In the Motion, the BFP Owners request sanctions against

Joseph Llewellyn Worrell and his counsel, Nadine V. White-Boyd, Esq., formerly of the law firm Markarian Frank & Hayes.[1]  For the reasons stated below, the Court will grant the Sanctions Motion.

**Background**

Mr. Worrell initiated the above-captioned main bankruptcy case with the filing of a petition under chapter 13 of the Bankruptcy Code[2] on March 26, 2009.  Over the next several years, Mr. Worrell unsuccessfully attempted to stave off foreclosure of a parcel of real property he owned, located at 13993 Caloosa Blvd., West Palm Beach, Florida 33418 (the "Property"), by Emigrant Mortgage Company, Inc. ("Emigrant").  During this time, he was unable to comply with the requirements of chapter 13 of the Bankruptcy Code.  The Court dismissed the bankruptcy case and denied Mr. Worrell's several motions attempting to revive it.  Case No. 09-15332-EPK, ECF Nos. 67, 70, 76, 82, 86.  None of this Court's rulings were timely appealed and all such orders are final and no longer appealable.  Thereafter, Mr. Worrell continued to challenge the foreclosure of the Property in the Circuit Court in and for Palm Beach County, Florida, and in Florida courts of appeal.  Among the many claims raised in the Florida litigation, Mr. Worrell argued that the foreclosure sale of the Property should be vacated.  *See* Sanctions Motion at 5-8 (providing factual background); *Motion to Dismiss and Incorporated Memorandum of Law* [ECF No. 16] (the "Motion to Dismiss") (same).

By mid-2015, Mr. Worrell had exhausted his appeals in the Florida courts.  Emigrant by that time had gained title to the Property, which it transferred to Retained Realty, Inc.  Retained Realty, Inc. then sold the Property to the BFP Owners.

---

[1] At all times relevant to the Court's determination on the Sanctions Motion, Ms. White-Boyd was a partner at the firm, then known as Markarian Frank White-Boyd & Hayes.

[2] 11 U.S.C. §§ 101 *et seq.*

In late 2015, Mr. Worrell moved to reopen his bankruptcy case to avoid the transfers of the Property and pursue other relief.  Case No. 09-15332-EPK, ECF No. 88.  The Court heard Mr. Worrell's motion to reopen on December 16, 2015.  At the hearing, the Court reviewed the facts of the case and stated that the Court lacked authority to overrule the Florida courts' decisions denying Mr. Worrell's previous requests to vacate the foreclosure sale of the Property.  Mr. Worrell argued, however, that his mortgage lender had violated the automatic stay during a period when it was still in effect in his chapter 13 case.  As a result, the Court determined to reopen the case "solely to permit pursuit of violation of the automatic stay under Section 362, and that is it . . . The only relief you are permitted to ask for has to do with violation of the automatic stay."  Case No. 09-15332-EPK, ECF No. 97, p. 27 (hearing transcript).  The Court entered an order consistent with its ruling, limiting Mr. Worrell to the filing of "an appropriate pleading seeking relief against creditor Emigrant Mortgage Company for alleged violation of the automatic stay."  Case No. 09-15332, ECF No. 94.

On January 17, 2016, Mr. Worrell filed, via counsel Nadine V. White-Boyd, Esq., the *Adversary Complaint for Declaratory Relief, for Violation of the Automatic Stay and for Cancellation of Deeds and for Other Relief* [Adv. Proc. No. 16-01046-EPK, ECF No. 1] (the "Complaint").  The Complaint lists five defendants: Emigrant, Retained Realty, Inc., and the three BFP Owners.  The Complaint contains four counts: in Count I, Mr. Worrell requests that the Court declare the foreclosure sale of the Property void as in violation of the automatic stay; in Count II, Mr. Worrell seeks damages against Emigrant for violation of the automatic stay; in Count III, Mr. Worrell seeks cancellation of Emigrant's deed of the Property to Retained Realty, Inc.; and in Count IV, Mr. Worrell seeks cancellation of Retained Realty, Inc's deed of the Property to the BFP Owners.

On February 19, 2016, the BFP Owners served the Sanctions Motion on Mr. Worrell and Ms. White-Boyd.  The Sanctions Motion describes the factual background of the case, and states cause for sanctions under Fed. R. Bankr. P. 9011.  In essence, in the Sanctions Motion, the BFP Owners allege that the Complaint violates Rule 9011(b)(2) because the contentions stated therein are not warranted by existing law or a nonfrivolous argument for modification of existing law.  Specifically, the BFP Owners argue that the Complaint has no merit because:  the automatic stay was not in effect at the time of the foreclosure sale and so Emigrant could not have violated the stay; the Complaint violates the Court's order reopening the bankruptcy proceeding by seeking relief Mr. Worrell was not permitted to seek; and the Court lacks authority to grant the requested relief, as a result of the Rooker-Feldman doctrine and the doctrines of *res judicata* and collateral estoppel, because the Florida courts had already ruled against Mr. Worrell.  The Sanctions Motion clearly stated that "this Motion shall not be filed with the Court if the Complaint is dismissed in its entirety."

On February 26, Emigrant and Retained Realty, Inc. filed the Motion to Dismiss, in which they requested full dismissal of the Complaint.  In the Motion to Dismiss, Emigrant and Retained Realty, Inc. substantially reiterate and join in the arguments contained in the Sanctions Motion, and also argue that the Complaint was time-barred under 11 U.S.C. § 546.

In compliance with Rule 9011's 21-day "safe harbor" period, the BFP Owners provided Mr. Worrell until March 11, 2016 to withdraw the Complaint.  On March 11, 2016, counsel for the parties agreed to a 7-day extension of the safe harbor period, to March 18, 2016.

On March 18, 2016, the parties appeared to reach agreement on the Sanctions Motion.  The parties agreed that counsel for the BFP Owners would draft a proposed order,

for review by counsel for Mr. Worrell prior to submission to the Court. When the parties spoke again on March 22, 2016, however, they realized that there had not been a meeting of the minds. Ms. White-Boyd stated that, in spite of its actual text, she had interpreted the Sanctions Motion as a request to dismiss the Complaint solely as against the BFP Owners. Accordingly, she had obtained authority from Mr. Worrell to amend the Complaint only to remove the BFP Owners. In response, counsel for the BFP Owners insisted, consistent with the request for relief in the Sanctions Motion, that the entire Complaint be dismissed. The reason for this is obvious from the face of the Complaint, which seeks an order invalidating the initial foreclosure sale and thus the source of title now held by the BFP Owners. Removing just the BFP Owners from the litigation would leave the property interest of the BFP Owners still in jeopardy, as granting the remaining relief could make their deed retroactively void, and so the BFP Owners would need to seek to intervene to represent their interests.

The parties now dispute the exact contents of the conversation between counsel on March 22, 2016. Ms. White-Boyd states that she told counsel for the BFP Owners that she would need additional time to discuss the situation with Mr. Worrell, and argues that the failure of counsel for the BFP Owners to respond to that statement was the equivalent of a second extension of the safe harbor period. The BFP Owners state that no such extension was discussed, and no such extension would have been granted under the circumstances.

The BFP Owners filed the Sanctions Motion on March 23, 2016. The Court set both the Sanctions Motion and the Motion to Dismiss for hearing on March 31, 2016.

After the filing of the Sanctions Motion, Ms. White-Boyd sent an email to counsel for the BFP Owners. ECF No. 36, Exh. 11. In the email, Ms. White-Boyd stated the following:

> I was shocked to receive your motion for sanctions. Per my email last week I indicated my client's agreement to dismiss the action against your clients, Ingram and Sysimetsa. However during our conversation regarding the

dismissal you indicated that you wanted all counts related to cancellation of the deed to be dismissed. As this was not discussed with my client, at the end of our conversation I stated "give me a couple of days to talk to my client regarding this new issue". *You did not indicate that you were not giving me a "couple of days" to talk to my client regarding this new development*. I was in complete shock and taken aback upon receiving your motion for sanctions today. Your utter disregard for this professional courtesy is not the way to practice. Do not ask me for any courtesies.

*Id.*, emphasis added.

On March 28, 2016, Mr. Worrell filed an *Amended Adversary Complaint for Declaratory Relief and for Violation of the Automatic Stay* [ECF No. 27] (the "Amended Complaint"). With the Amended Complaint, Mr. Worrell removed the BFP Owners as defendants, and removed Counts III and IV from the original Complaint. Mr. Worrell did not, however, alter Counts I or II of the Complaint. As a result, in the Amended Complaint, Mr. Worrell still sought relief that would have ultimately left the BFP Owners with, at best, the need to litigate over their right to the Property.

At the hearing on March 31, 2016, the Court found that the Complaint violated Rule 9011(b)(2). Specifically, the Court ruled that under existing law, taking into account the allegations in the Complaint itself, the automatic stay was not in effect at the time of the foreclosure sale, and so the foreclosure sale was valid.[3] Since all of the relief requested in the Complaint relied on the Court finding a violation of the stay, there was no basis for any

---

[3] The Court refers the parties to the transcript of the hearing for the Court's complete ruling with regard to the effect of prior rulings of the Court on the existence of the automatic stay at the time of the foreclosure sale. In short, Mr. Worrell had asked the Court to vacate an order dismissing his chapter 13 case. The Court set a hearing on that motion on the day prior to a scheduled foreclosure sale. At the hearing, the Court ruled that it would vacate dismissal of his case. However, Mr. Worrell failed to ask the Court to enter that order immediately, and the order vacating dismissal was not entered until after the foreclosure sale was completed under Florida law, thus vesting title in the mortgage lender. The Court ruled that the Court's oral ruling on the record, prior to entry of a written order, had no force or effect, that the written order vacating the prior dismissal of Mr. Worrell's case did not result in retroactive imposition of the automatic stay, that there was no automatic stay in effect at the time Mr. Worrell irretrievably lost title to the real property, and so there was no basis for the relief requested in the Complaint. The Court thus granted the Motion to Dismiss, dismissing the Complaint in its entirety, with prejudice. ECF No. 47.

of the relief requested in the Complaint.  In so ruling, the Court noted that not a single reported decision supported Mr. Worrell's position and that it would not be possible to make a nonfrivolous argument that the law should be adjusted to permit the relief requested by Mr. Worrel in the Complaint.

The Court did not grant the Sanctions Motion during the hearing, however, due to the parties' dispute as to whether the BFP Owners had filed the Sanctions Motion during the safe harbor period.  The Court determined to hold a continued hearing on April 14, 2016, following submission of evidence and memoranda.  At the continued hearing, the Court determined to take the matter under advisement.

**Analysis**

Three questions remain before the Court with respect to the Sanctions Motion. First, the Court must determine whether the BFP Owners filed the Sanctions Motion during the safe harbor period.  Second, the Court must determine whether Mr. Worrell "appropriately corrected" the Complaint during the pendency of the safe harbor period. Third, if necessary, the Court must determine the appropriate amount of sanctions and who should be responsible for payment of sanctions.

As to the first question, the Court finds that the BFP Owners did not agree to extend the safe harbor period past the first extension, which ended on March 22, 2016.  Ms. White-Boyd admitted in her own e-mail correspondence to the BFP Owners that she requested a further extension on that date, and the BFP Owners did not respond to her request.  In order for the Court to find a valid agreement to extend the safe harbor period, the Court would need to interpret the failure of the BFP Owners to respond to Ms. White-Boyd as their silent assent.

It is a foundational point of contract law that, in order to form an enforceable agreement, an offeree must accept an offer from an offeror.  Absent specific indications of

intent to accept an offer, an offeree's silence is not acceptance of an offer.  *See U.S. v. Weaver*, 905 F.2d 1466, 1473 (finding no agreement where offeree initially failed to respond because absent particular circumstances not present, "an offeror does not have the power to cause the mere silence of an offeree to operate as an acceptance") (citing Restatement (Second) of Contracts, § 69).  Even assuming Ms. White-Boyd's account of the parties' conversation on March 22, 2016 is accurate, no evidence before the Court suggests that the BFP Owners' silence should be construed as acceptance of her offer to form an enforceable agreement to further extend the safe harbor period.

Accordingly, the Court finds that the safe harbor period expired on March 22, 2016. The BFP Owners appropriately filed the Sanctions Motion the following day.

Likewise, the Court finds that Mr. Worrell did not withdraw or appropriately correct the Complaint prior to the filing of the Sanctions Motion.  At best, Mr. Worrell offered to remove the BFP Owners from the Complaint.  There are two problems with this.  First, Rule 9011(c)(1)(A) requires that the offending document be withdrawn or appropriately corrected.  Even if amendment to the Complaint to remove the BFP Owners would have been sufficient, and it would not, the way to achieve such a correction would be to actually file and serve an amended complaint.  Merely stating an offer to take such an action is not sufficient under Rule 9011(c)(1)(A).  Second, it is obvious from the face of the Amended Complaint that the rights of the BFP Owners would remain at issue, likely requiring the BFP Owners to attempt to intervene in the action to represent their interests, as the Amended Complaint still sought invalidation of the property transfers that form the basis for title now held by the BFP Owners.  To remedy the Complaint with regard to the BFP Owners, Mr. Worrell needed to either withdraw it entirely or, at a minimum, amend the Complaint such that just Count II remained, which requested only damages against Emigrant.  This Mr. Worrell did not even suggest he would do.

The final issue before the Court is who should be responsible for payment of the sanction.  Counsel is always held responsible as well as counsel's firm.  Fed. R. Bankr. P. 9011(c)(1)(A).  The question is whether Mr. Worrell should himself be subject to monetary sanctions.  Here, there was no basis for relief on the claims presented because, in light of the undisputed facts, the law prohibits the relief.  The Complaint constituted a violation of Rule 9011(b)(2), for which a represented party may not be held liable.  Fed. R. Bankr. P. 9011(c)(2)(A).  Sanctions will thus be payable only by Ms. White-Boyd and her firm.

**Conclusion**

For the foregoing reasons and for the reasons stated on the record at the hearings on March 31 and April 14, 2016, the Court ORDERS AND ADJUDGES that:

1.      The Sanctions Motion [ECF No. 21] is GRANTED.  The Court will award sanctions against Ms. White-Boyd and her former firm, Markarian Frank & Hayes, in an amount equal to the legal fees and expenses incurred by the BFP Owners in the preparation and prosecution of the Sanctions Motion.

2.      No later than May 24, 2016, the BFP Owners shall file and serve an affidavit attesting to the legal fees and expenses incurred by the BFP Owners in connection with preparation and prosecution of the Sanctions Motion.  The affidavit shall identify the lawyers responsible for providing legal services, describe the services provided in reasonable detail, assign time entries for work done, and state a billing rate for each professional.  No later than May 31, 2016, Ms. White-Boyd and/or Markarian Frank & Hayes may file a response to the affidavit addressing only the reasonableness of such fees and expenses.  Thereafter, the Court will enter a separate order addressing the amount and timing of payment of the sanction.

###

Copies furnished to:

Seth P. Traub, Esq.

*Seth P. Traub, Esq. is directed to serve a conformed copy of this order on all appropriate parties and file a certificate of service with the Court.*