

ORDERED in the Southern District of Florida on May 18, 2016.

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

| | |
|---|---|
| **In re:** | Case No. 09-15332-EPK |
| **JOSEPH LLEWELLYN WORRELL,** | Chapter 13 |
|     Debtor(s). | |
| _____/ | |
| **JOSEPH LLEWELLYN WORRELL,** | |
|     Plaintiff, | |
| v. | Adv. Pro. No. 16-01046-EPK |
| **EMIGRANT MORTGAGE COMPANY,** *et al.*, | |
|     Defendants. | |
| _____/ | |

### ORDER DENYING MOTIONS TO RECONSIDER AND MOTION TO STRIKE

THIS MATTER came before the Court upon the *Motion to Reconsider Order Dismissing Complaint, and Motion for Rehearing* [ECF No. 53] (the "Motion for Reconsideration") wherein

Joseph Llewellyn Worrell seeks reconsideration of this Court's April 13, 2016 *Order Granting Defendant Emigrant Mortgage Company's and Retained Realty, Inc.'s Motion to Dismiss and Denying as Moot Chad Ingram, Saana Ingram, and Ilkka Juhani Sysimetsa's Motion to Dismiss* [ECF No. 47] (the "Order"). In response to the Motion for Reconsideration, Emigrant Mortgage Company, Inc. and Retained Realty, Inc. (together, the "Movant Defendants") filed a *Motion to Strike Plaintiff's Motion for to Reconsider Order Dismissing Complaint and Motion for Rehearing [Dkt 53] and Incorporated Memorandum of Law* [ECF No. 56] (the "Motion to Strike"). In the Motion to Strike, the Movant Defendants request that the Court strike the Motion for Reconsideration on the grounds that Mr. Worrell violated Local Rule 9010-1(B)(2) by personally filing the Motion for Reconsideration while he was represented by counsel.

On May 11, 2016, Mr. Worrell filed his *Amended Motion to Reconsider Order Dismissing Complaint and Motion for Rehearing* [ECF No. 69] (the "Amended Motion") and *Objections to False Claims Filed by Alleged Creditor Emigrant Mortgage Company, Inc.* [ECF No. 70] (the "Objection"). The Amended Motion is similar to the Motion for Reconsideration in all material respects. In the Objection, in essence, Mr. Worrell repeats the arguments contained in his complaint in this adversary proceeding. The Court thus deems the Objection to be a motion for reconsideration of the order dismissing this adversary proceeding. For the reasons stated below, the Court denies each pending motion.

Although Mr. Worrell does not cite any applicable law in support of the relief requested in the Motion for Reconsideration, the Amended Motion, or the Objection, a motion for reconsideration may be considered under either Fed. R. Civ. P. 59(e), made applicable to this case by Fed. R. Bankr. P. 9023, or Fed. R. Civ. P. 60(b), made applicable to this case by Fed. R. Bankr. P. 9024.

A motion to alter or amend an order or judgment under Rule 59 must be filed no later than 14 days after entry of the subject order or judgment. A motion seeking relief from a judgment or order under Rule 60(b) must be filed within a reasonable time after entry of the subject judgment or order. To the extent either Rule 59 or Rule 60 applies, the Motion for Reconsideration was timely filed.

Under Rule 59, a court may grant a motion to alter or amend an order or judgment if the movant presents: (1) newly discovered evidence that was not available at the time of trial, or (2) evidence in the record that clearly establishes manifest error of law or fact. *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999) (*citing In re Investors Fla. Aggressive Growth Fund, Ltd.*, 168 B.R. 760, 768 (Bankr. N.D. Fla. 1994)). To the extent that Mr. Worrell articulates an argument under Rule 59, the Motion for Reconsideration, the Amended Motion, and the Objection each fail to satisfy either of the requirements to grant a motion for reconsideration under Rule 59.

Under Rule 60(b)(1), a court may relieve a party from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect." In the Motion for Reconsideration and Amended Motion, Mr. Worrell appears to argue that relief is warranted because he did not understand that the Court might dismiss this adversary proceeding at a properly noticed non-evidentiary hearing on a motion to dismiss. At best, this amounts to an argument of excusable neglect under Rule 60(b)(1). To make a finding of "excusable neglect," the Court must consider "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395

(1993). In this case, Mr. Worrell was served with a motion to dismiss. The Court set the motion to dismiss for hearing and provided Mr. Worrell timely notice of the hearing. The Court heard the motion to dismiss and ruled that, as a matter of law, taking into account the facts alleged by Mr. Worrell himself, no relief could be accorded. Considering all relevant circumstances surrounding the Order, relief is not warranted under Rule 60(b).

The Court, having considered the Motion for Reconsideration, the Amended Motion, and the Objection, as well as the enclosures filed in support thereof, and being otherwise fully advised in the premises, hereby ORDERS AND ADJUDGES that the Motion for Reconsideration [ECF No. 53], the Amended Motion [ECF No. 69], and the Objection [ECF No. 70] are DENIED. The Motion to Strike [ECF No. 56] is thus DENIED as moot.

###

Copies Furnished To:

All parties of record.