UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOSEPH L. WORRELL,

     Plaintiff,

CASE NO. : 09-15332-EPK

CHAPTER 13

/

**ADV. CASE NO. : 16-01046-EPK**

v.

EMIGRANT MORTGAGE COMPANY, INC., et. al.

     Defendant.

/

**DEFENDANT EMIGRANT MORTGAGE COMPANY, INC.'S
MOTION FOR SANCTIONS, INJUNCTIVE RELIEF,
AND INCORPORATED MEMORANDUM OF LAW**

### I.    INTRODUCTION

Plaintiff, Joseph L. Worrell (WORRELL) has filed a duplicitous "Emergency Motion To Reimpose Section 362 Stay And For Preliminary Injunction, Or Other Relief" [ D.E. 129] against Emigrant Mortgage Company Inc. (EMIGRANT) and others, seeking to re-litigate claims that have been decided numerous times in state court, state appellate court, bankruptcy court, and this court. The subject Motion was already denied by the District Court which noted that there is no bankruptcy case pending. [CASE #: 9:16-cv-80837-KAM, D.E. 30] Not satisfied with that ruling, WORRELL now files the exact same motion[1] in the instant case. Similar to other pleadings and motions WORRELL has filed, this Motion has no basis in law or fact and is sanctionable.

---

[1] The motions have slightly different Appendices but are otherwise identical.

### A. Requested relief

EMIGRANT is seeking monetary sanctions as well as an order declaring Plaintiff WORRELL a vexatious litigant, enjoining WORRELL from filing any more frivolous, baseless, or repetitive lawsuits or motions against it or its attorneys in this or any other court, and subjecting Plaintiff WORRELL to injunctive procedures so as to preserve and protect the judiciary and Defendants' time and resources.

### B. Procedural History

This case emanates from a foreclosure action pending since October 29, 2007 in the Palm Beach Circuit Court for the Fifteenth Judicial Circuit, CASE NO. 50-2007-CA-019114-XXXX-MB-AW. On October 31, 2007, Plaintiff WORRELL was personally served with the Complaint. On November 19, 2007, WORRELL filed his Motion for Extension of Time and on June 30, 2008, he filed his Pro Se Answer and Affirmative Defenses. EMIGRANT filed its Motion for Summary Final Judgment on July 25, 2008 and set same for hearing. On August 8, 2008, WORRELL filed his Motion to Dismiss/Deny Plaintiff's Requests for Summary Judgment. On October 20, 2008, the Court entered its Final Judgment in favor of EMIGRANT and scheduled a foreclosure sale for the subject property.

After a series of bankruptcy filings, WORRELL'S Chapter 13 case, Bankruptcy Petition #: 09-15332-EP, was dismissed on July 1, 2009 due to WORRELL'S failure to appear at the meeting of creditors and failure to make pre-confirmation plan payments. On July 29, 2009, the Circuit Court reset the sale on WORRELL'S property for August 31, 2009.

On July 3, 2009, WORRELL filed a Motion to Stay Proceedings and Motion to Vacate Dismissal in bankruptcy court. Same was set for hearing on August 27, 2009 at 10:30a.m. As per the Certificate of Service on the Motion and the Certificate of Mailing of the Notice of Hearing,

WORRELL'S counsel failed to serve EMIGRANT with the Motion and Notice of Hearing and thus did not attend the hearing. The foreclosure sale was held on August 31, 2009 and the Certificate of Sale was issued by the Clerk. EMIGRANT was the successful bidder. No objections to the sale were filed.

On September 1, 2009, the bankruptcy court entered its Order granting the Motion to Stay Proceedings and Motion to Vacate Dismissal pursuant to the SCRA (Servicemember's Civil Relief Act). On September 3, 2009, the Order was mailed to EMIGRANT. WORRELL'S bankruptcy remained pending until October 25, 2010 when the Court denied confirmation of WORRELL'S Chapter 13 plan and dismissed his case. On January 18, 2011, WORRELL'S Motion to Reinstate his Chapter 13 case was denied and on April 15, 2011 WORRELL's Motion for Reconsideration was likewise denied.

The Circuit Court heard and denied EMIGRANT'S Motions for Entry of Certificate of Title due to significant opposition from WORRELL. On November 19, 2012, the Circuit Court conducted a hearing on EMIGRANT'S Renewed Motion for Entry of Certificate of Title and denied same without prejudice. On November 28, 2012, EMIGRANT then filed a Motion for Rehearing which the Court granted and set for hearing for argument on January 7, 2013. WORRELL requested and was granted a continuance of that hearing to January 25, 2013 at which time, EMIGRANT'S Motion for Entry of Certificate of Title was granted and on February 1, 2013, the Clerk of the Court issued the Certificate of Title to EMIGRANT.

On February 22, 2013, WORRELL filed a Notice of Appeal with the Circuit Court.[2] The Fourth District Court of Appeal docket references the appeal as Case No: 4D13-767. As no

---

[2] Actually, the February 22, 2013 appeal was the third appeal WORRELL filed in the foreclosure case. He filed one on November 2, 2008 and another November 24, 2008. He filed fourteen other unrelated appeals with the Fourth

appellate stay was in effect, EMIGRANT filed its Motion for Writ of Possession and set same for hearing on March 27, 2013. WORRELL filed a Motion to Stay issuance of the Writ, and Opposition to EMIGRANT'S Motion for Writ and cross noticed his hearing for the same time. The Court entered its order directing the Clerk to Issue the Writ but not prior to May 1, 2013. On May 1, 2013, the Clerk issued the Writ. WORRELL then filed another Motion to Stay Issuance of the Writ which was granted and another hearing was set for May 15, 2013. On May 16, 2013, the Circuit Court entered its order directing the Clerk to issue the Writ of Possession but not prior to May 22, 2013. On May 22, 2013, the Clerk issued its Writ of Possession. On May 23, 2013, in the then pending appeal, WORRELL filed an Emergency Motion to Stay the Issuance of the Writ. On May 24, 2013, that Motion was denied. On May 29, 2013, the Writ of Possession was served on WORRELL. On October 24, 2013, the Fourth DCA affirmed the Circuit Court's decision granting issuance of the Certificate of Title to EMIGRANT. The property is no longer owned by EMIGRANT. It has been sold to a third party.

No activity had taken place in the Circuit Court case from June 7, 2013 until May 16, 2014 when WORRELL'S new counsel filed a Notice of Appearance and Motion to Vacate. The Motion was without merit and on June 14, 2014 was denied. On July 17, 2014 WORRELL filed another Notice of Appeal, appealing the aforementioned denial. On May 21, 2015. The Fourth DCA affirmed. WORRELL filed a Motion for Rehearing / Rehearing En Banc which was denied on July 10, 2015. WORRELL then filed a Petition for a Writ with the Florida Supreme Court. On July 29, 2015, that petition was denied. On July 31, 2015, the Fourth DCA issued its mandate. On October 15, 2015, WORRELL appealed to the United States Supreme Court, Case No 15A447.

---

District Court of Appeal. He also filed a variety of complaints with the FDIC and HUD against EMIGRANT, none of which were found to have any merit.

There, WORRELL sought an extension of time to file a petition for writ of certiorari. The deadline was extended until November 26, 2015 by Justice Thomas. To date, WORRELL has not filed his petition but the case remains pending.

WORRELL'S bankruptcy case remained closed for over four years until on November 18, 2015 he filed a Motion to Reopen. On January 16, 2016, he filed an Adversary Complaint [D.E. 1] and Amended Adversary Complaint [D.E. 27], which has since been dismissed. His counsel who filed the Adversary Complaint and Amended Adversary Complaint was sanctioned pursuant to Rule 11 for the filing and pursuit of the frivolous Complaints.

In addition to the above litigation, WORRELL filed eight appeals regarding the foreclosure of his property. He filed one on November 24, 2008: 4D08-4747 (dismissed), another on November 26, 2008: 4D08-4898 (Writ of Prohibition denied; rehearing denied), one on March 1, 2013: 4D13-767 (PCA), and another on July 18, 2014: 4D14-2676 (PCA, rehearing denied). He also appealed to the Florida Supreme Court: SC15-1389 (dismissed) and filed a petition with the United States Supreme Court: 15A447 (extension to file petition for Writ of Certiorari granted through November 26, 2015; no petition filed as of this date). He also appealed the granting of a deficiency judgment on behalf of Emigrant seeking to recover additional fees incurred due to his continued litigation. Case No. 4D16-932 (case fully briefed, waiting for court to rule) Finally, WORRELL appealed the dismissal of his United States Bankruptcy Court adversary complaint: 16-cv-80694-KAM (dismissed due to failure to timely file Designation or Statement of Issues).

WORRELL filed eleven other unrelated appeals with the Fourth District Court of Appeal, and two with the Florida Supreme Court. He also filed a variety of complaints with the FDIC and HUD against EMIGRANT, none of which were found to have any merit.

WORRELL'S Motion is nothing more than an attempt to re-litigate already decided claims and seek retribution against EMIGRANT, its attorneys, and bankruptcy trustee.

## II.    MOTION FOR SANCTIONS

EMIGRANT is entitled to sanctions pursuant to the court's inherent authority because there is no basis in law or fact for the Motion, the claims are not presented for a proper purpose, are not warranted by existing law, are without evidentiary support, and were already decided numerous times at the trial level and appellate level, most recently by the District Court. See, for example: *Barash v. Kates*, 585 F. Supp. 2d 1368 (S.D. Fla. 2008).

## III.    MEMORANDUM OF LAW

### A.    Sanctions pursuant to the Court's inherent authority are appropriate

> It is well established that courts may award attorney's fees and costs as a sanction pursuant to the court's inherent authority for bad faith litigation. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 51-53, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), *reh'g denied,* 501 U.S. 1269, 112 S.Ct. 12, 115 L.Ed.2d 1097 (1991) (discussing the court's inherent power to assess attorney's fees as sanction for bad faith conduct before the court); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765-766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (noting that sanctions imposed pursuant to the court's inherent authority include, *inter alia,* an assessment of attorney's fees as part of the fine to be levied) *(citation omitted );  Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (discussing the court's ability to assess attorney's fees as part of its inherent authority when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons); *F.D. Rich Co. Inc. v. United States ex rel. Indus. Lumber Co., Inc.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974) ("We have long recognized that attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons"); *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir.2001) ("One aspect of a court's inherent power is the ability to assess attorneys' fees and costs against the client or his attorney, or both, when either has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' ")

*Barash v. Kates*, 585 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008)

It is readily apparent that WORRELL's failure to advise the court of the holdings in the prior litigation and related cases, and the fact that the District Court previously ruled upon the same

motion, that this action is being filed for the improper purpose of harassing EMIGRANT, its attorneys, and the other defendants.

This court should sanction WORRELL by assessing attorneys fees against him. Such assessment would serve two purposes:

> The assessment of attorney's fees for bad faith litigation serves two goals: (1) "vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court;" and, (2) "mak[ing] the prevailing party whole for expenses *1372 caused by his opponent's obstinacy." *Chambers,* 501 U.S. at 45-46, 111 S.Ct. 2123. *See also Allapattah Srvcs., Inc. v. Exxon Corp.,* 372 F.Supp.2d 1344, 1373 (S.D.Fla.2005) ("Invocation of the inherent power serves the dual purposes of 'vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy.' ") (*quoting Chambers,* 501 U.S. at 46, 111 S.Ct. 2123).

*Barash v. Kates,* 585 F. Supp. 2d 1368, 1371–72 (S.D. Fla. 2008). The Court should sanction WORRELL in an amount that not only punishes him for his vexatious litigation, but also serves as a deterrent. Courts are permitted to sanction a party for his or her opponent's entire amount of attorney fees. Further, if there is bad faith, a court may award the injured party its full amount of attorney fees incurred. *Id.*

### B.   Injunctive relief availability

Federal courts have "both inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *May v. Hatter,* No. 00-4115-CIV, 2001 WL 579782, *2 (S.D. Fla. May 15, 2001). Because "[e]very lawsuit [or motion] filed, no matter how frivolous or repetitious, requires the investment of court time," *Id.* at *4, a prime example of the type of conduct that clogs the judicial machinery and impairs a court's exercise of its Article III functions is a frequent litigant's abusive filing of a pleading that is not well-grounded in fact or law or that is based on allegations which have been previously adversely decided against him. *See Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1294

(11th Cir. 2002); *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988). When this occurs, the court may exercise its "considerable discretion" by invoking Rule 11 to fashion an appropriate remedy that curbs repetitive and abusive filings without completely foreclosing access to the federal courts, including but not limited to the issuance of sanctions and the imposition of procedural injunctions. *See May*, 2001 WL 579782 at *4; *Riccard*, 307 F.3d at 1294–95; *see also Abram-Adams v. Citigroup, Inc.*, No. 12-80339-CIV, 2013 WL 451897, *2 (S.D. Fla. 2013) ("The only restriction the Eleventh Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be completely foreclosed from *any* access to the court.").

> The Eleventh Circuit has consistently upheld district court injunctions against abusive litigants, including pre-filing screening restrictions, *see Martin–Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir.1993) (citing *Copeland v. Green*, 949 F.2d 390 (11th Cir.1991)), and has stressed that, "[c]onsiderable discretion necessarily is reposed in the district court" when it drafts such orders, *Martin–Trigona*, 986 F.2d at 1387 (citing *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir.1986) (en banc)).

*May v. Hatter*, 00-4115-CIV-MOORE, 2001 WL 579782, at *4 (S.D. Fla. 2001)

Under the circumstances, the Court should declare WORRELL a vexatious litigant with respect to the Defendants, and should issue an order imposing filing and screening requirements, consistent with the proposed order attached as Exhibit "A." The proposed relief is consistent with similar orders which have been entered under like circumstances. *See, e.g., May*, 2001 WL 579782 (permanently enjoining a vexatious litigant from any further filings without first obtaining leave of court); *Cofield v. Ala. Pub. Srv. Com'n*, 936 F.2d 512, 517–19 (11th Cir. 1991) (upholding an order requiring a litigant to pay full filing fees and seek prefiling approval); *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991) (upholding pre-screening injunction as against a repeat litigant); *Patterson*, 841 F.2d at 387 (imposing $4,947.00 in attorney's fees as a sanction against a

*pro se* litigant who brought an action based upon allegations which had been adversely decided against him previously, emphasizing that "*pro se* filings do not serve as an 'impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986)); *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (noting that litigants may be required to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing); *see also Abram-Adams*, 2013 WL 451897 at *3 ("Plaintiff is enjoined from filing any new action, complaint, or claim for relief against Defendant Citigroup, Inc., its affiliates, subsidiaries, or attorneys in federal court, state court, and federal and state administrative and executive agencies and departments unless she first obtains leave to file from the district court."); *In re Kozich*, 406 B.R. 949, 956 (S.D. Fla. 2009) (enjoining a repeat litigant from filing adversary proceedings or contested matters on a *pro se* basis without first obtaining prior court approval).

There is no reason why EMIGRANT — which, for nearly a decade, has already expended significant time and resources in addressing WORRELL's vexatious litigiousness — should be required to bear the expense and onerous burden of ever again responding to WORRELL's incessant, repetitive, and meritless claims.

WHEREFORE, Defendant Emigrant Mortgage Company, Inc. respectfully requests that this Court enter an Order granting its Motion for Sanctions and Injunctive relief against Plaintiff, reserving jurisdiction to determine the amount of sanctions, and for such other and further relief as the Court deems appropriate.

*WORRELL v. EMIGRANT*
*Adv. Pro. No. 16-01046-EPK*

Respectfully submitted this **20th** day of **October**, 2016.

        Becker & Poliakoff, P.A.
        Attorneys for Emigrant Mortgage Company
        1511 N. Westshore Blvd., Suite 1000
        Tampa, FL 33607
        (813) 527-3900  Telephone
        (813) 286-7683  Facsimile


        By:   s/Lisa M. Castellano
               Steven M. Davis
               Florida Bar # 894249
               Lisa M. Castellano, Esq.
               Florida Bar #748447

*WORRELL v. EMIGRANT*
*Adv. Pro. No. 16-01046-EPK*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing is being served and filed, on this **20th** day of **October,** 2016, via Regular U.S. Mail to Joseph L. Worrell, P.O. Box 30071, West Palm Beach, Fl. 33420-0071, and via email at joworr@yahoo.com and joseph.worrell@navy.mil.

> Becker & Poliakoff, P.A.
> Attorneys for Emigrant Mortgage Company
> 1511 N. Westshore Blvd., Suite 1000
> Tampa, FL 33607
> (813) 527-3900  Telephone
> (813) 286-7683  Facsimile
>
> By: ___s/Lisa M. Castellano___
> Steven M. Davis
> Florida Bar # 894249
> Lisa M. Castellano, Esq.
> Florida Bar #748447

ACTIVE: 9029328_1